51892. GREGORY v. TENCH et al.

EVANS, Judge.

Lee Tench and Claudette Tench executed a written contract with G. C. Gunter, d/b/a Gunter Roofing Contractors, for the re-roofing of their home in Atlanta. The Tenches became dissatisfied with the job after its completion and sued Gunter for damages because of inferior workmanship in carrying out the contract, which they alleged had resulted in damages to plaintiffs.

Defendant answered, and thereafter the parties reached a settlement agreement to dismiss the action

with prejudice which dismissal was dated March 10, 1975.

But before the dismissal could be filed and the suit dismissed Charles Gregory secured an ex parte order allowing him to intervene, and he asserted his claim against the original defendant and against the original plaintiff by cross claim, contending that one plaintiff, Claudette Tench, had sold the dwelling to him and that he had been forced to incur the expense of $1,700 to repair the roof. Gregory also filed a cross claim, seeking damages for actual fraud against the plaintiff, Claudette Tench, contending the roof was now leaking and plaintiff had fraudulently failed to advise him of the condition of the roof, and that she had a lawsuit pending involving said matters.

The intervention was filed in the lower court on April 23, 1975. On April 24, 1975, the trial judge signed the order of dismissal and the dismissal was filed in court that same day. Gregory moved to set aside the dismissal order, and thereafter the court dismissed the intervention because intervenor was not in privity with the parties and had no standing authorizing him to intervene. The court vacated his ex parte order allowing the intervention to be filed. Intervenor appeals. *Held:*

1. "Upon timely application" a person desiring to intervene shall serve the motion upon the parties as provided by Code Ann. § 81A-105. The motion shall state the grounds therefor and be accompanied by a pleading setting forth the claim or defenses for which intervention is sought. See Code Ann. § 81A-124.

(a) But as a general rule there is no right to intervene in an ordinary action at law. See *Carswell v. Cannon,* 110 Ga. App. 315, 317 (138 SE2d 468) and cits. This case discusses some of the exceptions which may be grounds for allowing one to intervene, but at page 318 it is squarely held that if the one who seeks to intervene will still be left with his right to pursue his own independent remedy against the parties, regardless of the outcome of the pending case, then he has no interest that needs protecting by intervention and should not be allowed to intervene over objection.

2. Written motions, other than one which may be heard ex parte, and notice of the hearing, shall be served

not later than five days before the time specified for the hearing. Code Ann. § 81A-106 (d). If service is by mail, three extra days shall be added. See Code Ann. § 81A-106 (e). Here the intervention was allowed ex parte, albeit, subject to objection of the parties.

3. A certificate of service was attached to the intervention certifying that opposing counsel had been served by depositing copy in the U. S. mail, dated the same date it was granted by ex parte order and filed.

4. Under *Bulloch County Bank v. Dodd,* 226 Ga. 773, 775 (177 SE2d 673), this motion could not be allowed ex parte, and timely notice was not given in accordance with law. See also *Osteen v. G. E. Credit Corp.,* 137 Ga. App. 546.

5. Since the statutory notice of application for intervention was not given in accordance with the statute, the lower court did not err in vacating its prior order granting the ex parte application to intervene.

6. By the time the intervention could be properly refiled, the suit will have been dismissed with prejudice, as the order of dismissal was filed on April 24, 1975. If the lower court is right for any reason, it will be affirmed. *Stahl v. Russell,* 206 Ga. 699, 701 (2) (58 SE2d 135), and cits. It is not necessary for us to determine whether or not the proposed intervenors lacked privity with the parties.

*Judgment affirmed. Pannell, P. J., and Marshall, J., concur.*

SUBMITTED MARCH 1, 1976 — DECIDED MARCH 19, 1976.

*William L. Skinner,* for appellant.
*Garland, Nuckolls & Kadish, Edward T. M. Garland, Mark J. Kadish, Ted D. Spears,* for appellees.