## 61339. GREER v. FEDERAL LAND BANK OF COLUMBIA et al.

SOGNIER, Judge.
Federal Land Bank of Columbia (Bank) was the holder of a security deed on certain property in Newton County, Georgia. The note secured thereby was in default. Actual notice to the administrator of the deceased grantor in the deed to secure debt, and

proper advertisement and legal notices as required by law were given. Thereafter, the Bank sold the property described in the deed to secure debt at public sale before the courthouse door in Newton County, Georgia during the legal hours of sale. The Bank was the highest and best bidder for cash and purchased the property at the public sale for $348,500.

The present action was brought by the Bank against the administrator of the will annexed of W. T. Greer, Sr. (the deceased grantor) to confirm the sale. The confirmation hearing was set by court order for September 2, 1980, but was later changed to September 4, 1980.

On September 2, 1980 appellant S. Larry Greer, son and devisee under the will of the deceased, W. T. Greer, Sr., filed a petition to intervene alleging that he had a financial interest in the matter and that he was not being adequately represented by the administrator. On September 4, 1980 at the confirmation hearing, appellant intervenor requested a hearing first on his motion to intervene. The Bank objected to a hearing on the motion for intervention upon the ground that the motion was filed on September 2nd and that under the Civil Practice Act, service of said motion should have been made five days in advance of any hearing on the motion. The Bank also objected upon the grounds that the application for intervention was not timely filed; intervenor had earlier caused the postponement of the sale because of his bankruptcy reorganization in the federal district court; intervenor had been present at the foreclosure sale and made no objections thereto when the property was purchased by the Bank; and that the Bank had been put to considerable delay by Mr. Greer's actions. The court, after hearing argument, denied the motion for intervention.

Appellant intervenor contends the trial court erred by denying his motion to intervene and by denying him the right to participate in the confirmation hearing, or in the alternative by failing to grant a continuance of the motion hearing and hearing to confirm the sale under power. Although the motion for intervention alleged valid grounds for intervention under the provisions of Code Ann. § 81A-124 (a), the statute provides that interventions shall be permitted "[u]pon *timely* application." (Emphasis supplied.)

Code Ann. § 81A-106 (d) requires service of the written motion and notice of hearing thereof "not later than five days before the time specified for the hearing, unless a different period is fixed by this Title or by order of the court." The record shows that the notice of the motion to intervene is dated September 2, 1980 and was personally served on the same date, two days prior to the confirmation hearing. Hence, the Bank's objection to the motion to intervene for lack of

proper notice was well taken since the motion to intervene was not timely. The motion could not, in view of the objection, be taken up until a day subsequent to the confirmation hearing date. *Bulloch County Bank v. Dodd,* 226 Ga. 773, 775 (1) (177 SE2d 673) (1970); *Gregory v. Tench,* 138 Ga. App. 219, 221 (5) (225 SE2d 753) (1976). We find no error in the trial court's denial of the motion to intervene.

Appellant's motion for continuance addresses itself to the sound discretion of the court and we find no abuse of discretion, particularly since the intervention motion was not "timely." *Keno v. Alside, Inc.,* 148 Ga. App. 549, 554 (251 SE2d 793) (1978).

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED MARCH 19, 1981.

*James Cifelli,* for appellant.
*James B. Alexander, E. Roy Lambert,* for appellees.