## 39786. FULTON COUNTY et al. v. STRICKLAND.

GREGORY, Justice.

In June 1982, the State Revenue Commissioner (Commissioner) entered a "factor order" requiring an 8% increase in the assessments of taxable tangible property on the 1982 Fulton County tax digest so as to achieve a digest of 40% of the fair market value of taxable property. OCGA § 48-5-7(a) (Code Ann. § 91A-1019). Fulton County filed an appeal from this order in which the Joint City-County Board of Tax Assessors of Atlanta and Fulton County, as well as the City of Atlanta, were permitted to intervene. The trial court granted the Commissioner's motion for summary judgment. We affirm.

(1) OCGA § 48-5-271(a) (Code Ann. § 91A-1413) outlines the duty of the Commissioner to compare the tax digests of the various counties "for the purpose of ascertaining whether the valuation of the various classes of property as made in the respective counties for taxation purposes is reasonably uniform both as between the various counties and as between the various classes within a county." This court has held that the Commissioner's determination of these matters "must be upheld unless his actions are deemed to be unreasonable, beyond his authority or constitute an abuse of discretion." *Strickland v. Douglas County,* 246 Ga. 640, 642 (272 SE2d 340) (1980). In order to show the Commissioner acted arbitrarily in issuing the factor order appealed, appellants point to an error the Commissioner concedes was made in entering a factor order to Fulton County in the previous year. This error, which resulted in the taxable property in the 1981 Fulton County digest being assessed at less than 40% of its fair market value, was not appealed by the appellants. Appellants maintain that it is unreasonable for the Commissioner to take this error into account in entering the 1982 factor order upon which this appeal is premised. We do not agree.

Nor can we agree with appellants' contention that the Commissioner may not delegate to his staff the mechanics of evaluating the tax digest of the various counties. Appellants have offered no persuasive reason for declaring this to be an arbitrary practice. We point out that, as a practical matter, it would be virtually impossible for one person to perform all the tasks required of the office of State Revenue Commissioner under OCGA § 48-5-271(a) (Code Ann. § 91A-1413).

(2) Appellants complain that the Commissioner's method of evaluating the Fulton County tax digest is arbitrary because it does not include that portion of Atlanta located in DeKalb County. Appellants take the position that an accurate digest for Fulton

County can only be achieved by "analyzing the entire Atlanta digest"; otherwise, appellants argue, the factor order is not uniformly applied to the citizens of the City of Atlanta.[1]

With regard to ad valorem taxation, the Commissioner's duties are to "adjust and equalize" a county's digest to ensure reasonable uniformity of county taxation both among the 159 counties and within each individual county among the various classes of property. OCGA §§ 48-5-271(b) (Code Ann. § 91A-1413) and 48-5-272 (Code Ann. § 91A-1414). The Commissioner is correct in pointing out that his factor orders have no binding impact on municipal assessments or municipal millage rates. This is true notwithstanding the fact that the legislature has created a joint city-county board of tax assessors for Atlanta and Fulton County "to fix the value of all property located within the city for city tax purposes and the value of all property located in the county for all state, county, school or other tax purposes." Ga. Laws 1952, pp. 2825, 2827.

(3) Last, appellants argue that the Commissioner's 1982 factor order results in certain personal property being improperly assessed at an amount greater than 40% of its fair market value, thus violating the requirement that taxation be uniform.

Art. VII, Sec. I, Par. III of the Georgia Constitution (Code Ann. § 2-3703) classifies, with certain limited exceptions, all tangible property, both real and personal, as a single class for the purposes of taxation. It is the duty of the Commissioner under OCGA § 48-5-271(a) (Code Ann. § 91A-1413) to ascertain the value of the entire class of property, and to provide for uniformity among the counties. It is the responsibility of the county to provide for equalization between properties within a class. The Commissioner is precluded from subdividing classes of property and applying different factors for each subdivision within a class. See, *Griggs v. Greene,* 230 Ga. 257 (197 SE2d 116) (1973).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 9, 1983 —
REHEARING DENIED SEPTEMBER 27, 1983.

*Young & Murphy, Robert G. Young, Thomas L. Murphy, David D. Blum,* for appellants.

---

[1] Appellants suggest that this lack of uniformity violates equal protection of the laws. This issue was not properly raised in the trial court. We decline to consider this argument.

*Michael J. Bowers, Attorney General, James C. Pratt, Assistant Attorney General,* for appellee.