A90A0727. SLOAN et al. v. SOUTHERN FLORIDABANC FEDERAL SAVINGS & LOAN ASSOCIATION.
(398 SE2d 720)

COOPER, Judge.
Two of the appellants, Rome IV, Ltd., and Rome VI, Ltd., both Texas limited partnerships, were the makers of two promissory notes

payable to appellee. The notes, made in 1985, were in the amounts of $185,725 and $190,890 and were personally guaranteed by Larry Sloan, B. M. Eldridge and E. C. Systems, Inc. As part of the loan transactions as required by appellee, the borrowers purchased a separate investor financial surety bond applicable to each loan as additional security for appellee. The notes went into default and, after demand and acceleration, appellee initiated suit on the notes and the guaranties of Sloan and Eldridge for principal, interest and attorney fees. E. C. Systems, Inc., was not named as a defendant in the action. Appellants asserted a counterclaim in the amount of $25,000 plus interest although no grounds for such counterclaim were asserted. Appellants' motion to dismiss the lawsuit for failure to join an indispensable party under OCGA § 9-11-19 and the motion of E. C. Systems, Inc., to intervene as a defendant pursuant to OCGA § 9-11-24 were both denied by the trial court. Subsequently, the trial court granted appellee's motion for summary judgment on the main claim and on the appellants' counterclaim.

1. Appellants first contend that the trial court erred in denying the motion to dismiss for failure to join the additional guarantor. It is clear under Georgia law that OCGA § 9-11-19 has no application where liability is joint and several and the plaintiff has a right of election as to which defendants plaintiff will proceed against. *Adcock v. First Nat. Bank of Atlanta*, 144 Ga. App. 394 (1) (241 SE2d 289) (1977). See also *Smith v. Foster*, 230 Ga. 207 (1) (196 SE2d 431) (1973). The guaranties at issue both contain clear language creating the several liability of each of the guarantors and granting appellee the right to collect against each guarantor independent of any other guaranty or security for the loan. The trial court did not err in denying appellants' motion to dismiss.

2. Appellants next contend that the trial court erred in denying E. C. Systems, Inc.'s motion to intervene. E. C. Systems, Inc., claimed a right to intervene pursuant to OCGA § 9-11-24 (a) or, in the alternative, requested permissive intervention under OCGA § 9-11-24 (b). If a movant's interests are adequately represented by the existing parties, the movant has no right to intervene. OCGA § 9-11-24 (a) (2). "The issue of adequacy of representation is a question of fact which must be ruled on by the trial court in considering the application for intervention. . . ." *Southwest Ga. Production &c. Assn. v. Wainwright*, 241 Ga. 355 (2) (245 SE2d 306) (1978). "The trial court may conclude that the representation of the intervenor is likely to be [adequate] based solely on the status and claims of the parties as revealed by the pleadings and representations of counsel." Id. The trial court found, and indeed the movant's pleadings state, that the movant claimed essentially the same defenses as the named defendants; additionally, the movant was represented by the same counsel as the

named defendants. The movant asserted an interest in the appellants' counterclaim, yet shed no light on the grounds supporting the claim. No adverse interest of the movant with regard to the counterclaim appears, and the movant would be adequately represented on the counterclaim without intervention. As stated by the trial court, the major thrust of the intervention motion is the movant's attempt to have a separate, unrelated claim against appellee heard in this action. This claim, based upon unrelated facts, was being pursued independently in another court. "[I]f the one who seeks to intervene will still be left with his right to pursue his own independent remedy against the parties, regardless of the outcome of the pending case, then he has no interest that needs protecting by intervention and should not be allowed to intervene over objection." *Gregory v. Tench*, 138 Ga. App. 219 (1) (225 SE2d 753) (1976). The outcome in the instant case would not affect the movant's right to pursue its independent claim against appellee in the other court. Therefore, we find no error with the trial court's ruling that the movant failed to demonstrate that its interests are not adequately represented by the existing defendants.

Whether permissive intervention is granted is addressed to the sound discretion of the trial judge, and a decision on this issue will not be reversed unless there is an abuse of discretion. *Allgood v. Ga. Marble Co.*, 239 Ga. 858, 859 (239 SE2d 31) (1977). Although not the sole factor to be considered, "[t]he most important factor is whether intervention will prejudice existing parties in the case." *Sta-Power Indus. v. Avant*, 134 Ga. App. 952 (3) (216 SE2d 897) (1975). The court did not abuse its discretion in determining that the introduction of the movant's independent claim against appellee would complicate the trial and prejudice appellee. Further, the court was correct in holding that *Gregory v. Tench*, supra, prohibits intervention when the movant can pursue its independent claim in another court. Appellants' second enumeration is without merit.

3. With regard to appellants' last enumeration, that the trial court erred in granting summary judgment to appellee, "[t]he burden is on the party who moves for summary judgment to produce evidence which conclusively negate[s] the essential elements entitling the respondent to recover under any theory that may be drawn fairly from the pleadings and the evidence." *Dairyland Ins. Co. v. Gay*, 193 Ga. App. 65, 67 (386 SE2d 909) (1989). Appellants' primary theory of recovery and the basis asserted for denial of summary judgment to appellee is that appellee had an obligation to proceed against the investor financial surety bonds prior to seeking recovery under the guaranties. Contrary to appellants' assertions, the bonds by their stated terms were primary security for payment of the individual investor notes in the partnership, not for any partnership or guarantor obligations. Appellee was required to proceed against the surety

bonds prior to instituting suit against any individual investor in the partnership, however, the existence of the bonds did not affect or restrict in any way appellee's remedies against the partnership itself or the guarantors under the loan documents.

Appellants' allegations of fraud and misrepresentation are premised upon a breach of appellee's asserted duty to proceed against the bonds, which were a part of the consideration for the extension of the loans. One appellant stated in an affidavit that it was represented to him that the guarantors' obligations would arise after claims were made under the bonds. However, no parties stated that they were told that the bonds were security for the guarantors' direct obligations. The trial court correctly found that the bonds were meant to protect against the default of the individual investors, and appellee was only obligated to proceed under the bonds prior to instituting suit against any individual investor. The instant suit involved the separate and independent claims of appellee against the partnership and the guarantors on the partnership debt. Hence, we find that appellee was not obligated to pursue the bonds, and appellants' assertion that appellee committed fraud and misrepresentation by not pursuing these obligations is unsupported and without merit.

Appellants' bald assertion in their brief that the guaranties were not supported by consideration, was not supported by any evidence and is without merit. The trial court did not err in granting summary judgment to appellee. Appellants do not appeal the grant of summary judgment on their counterclaim.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 10, 1990 —
REHEARING DENIED NOVEMBER 16, 1990 — ▉

*Walter W. Furlong,* for appellants.
*Ellenberg & Bryan, Richard D. Ellenberg, Doffermyre, Shields, Canfield & Knowles, Leslie J. Bryan,* for appellee.

