S91A1475, S91A1627. ATLANTA BOARD OF EDUCATION v.
CITY OF ATLANTA et al. (two cases).
(413 SE2d 716)

Fletcher, Justice.

The City of Atlanta seeks restitution from the Atlanta Board of Education for part of a tax refund paid to two corporate taxpayers. We affirm the trial court's ruling that the board must contribute its pro rata share of the tax refund.

Southern Bell and AT&T sued the city for a partial refund of their 1982 and 1983 ad valorem taxes. The city impleaded the school board as a third-party defendant, contending that the school board was liable to the city for 62 percent of the tax refund because the city had collected that percentage of ad valorem taxes for the exclusive use of the school board. In 1990, this court affirmed without an opinion a trial court order requiring the city to pay the refund to Southern Bell. *City of Atlanta v. Southern Bell Tel. &c. Co.,* 260 Ga. XXVIII (1990). The school board and city then moved for summary judgment on the city's third-party complaint. The trial court granted the city's motions and denied the school board's motions. The school board appeals.

1. The City of Atlanta's Charter requires it to levy, collect, and remit ad valorem taxes to the Atlanta Board of Education.[1] Ga. L. 1973, pp. 2188, 2232. The school board determines the millage rate and supports its decision through an annual written request to the city accompanied by a certified copy of the board's budget. Provided the millage rate does not exceed any limitations fixed by law, the city has no discretion in setting the millage rate levied on the school board's behalf. Id.; see Ga. Const., Art. VIII, Sec. VI, Par. I (1983); OCGA § 48-5-405. Thus, the city merely serves a ministerial function in carrying out its duties and is effectively acting as a collection agent for the school board.

---

[1] OCGA § 48-5-405 also gives each municipality with an independent school system power to levy and collect property taxes to support the school system. This authority is cumulative of other general and local laws that grant municipalities authority to levy taxes for independent school systems.

Because of defects in the tax digest, the city received more tax revenue from Southern Bell and AT&T in 1982 and 1983 than they lawfully owed.[2] This error resulted in the city remitting more tax funds to the school board than it was entitled to receive.

Neither the statute nor the city's charter gives the city sole responsibility for refunding taxes erroneously collected. The responsibility for the refund of ad valorem taxes that are collected erroneously should, in equity, fall upon the political subdivision for whose benefit the tax was collected. Cf. OCGA § 48-5-241 (giving county tax collector authority to refund proportionately the state and county school tax represented in a person's overpayment of county taxes).

2. The school board argues that it may spend funds only "for educational purposes," see OCGA § 48-5-405, and a tax refund is not an educational purpose. The fallacy in this argument is that the disputed taxes are not the school board's lawful funds. Rather, they are taxpayers' funds that were collected erroneously and must be returned to the taxpayer. As the ultimate recipient of 62 percent of the tax funds that Southern Bell and AT&T overpaid, the school board must refund its pro rata share of the taxes, penalties, and interest due the two utilities because of the improper assessment in 1982 and 1983.

*Judgment affirmed. Clarke, C. J., Weltner, P. J., Bell, Hunt and Benham, JJ., concur.*

DECIDED FEBRUARY 27, 1992.

*Fortson & White, Warren C. Fortson, Susan T. Couvillon, Julia J. Jennings,* for appellant.

*Jerolyn W. Ferrari, Alford J. Dempsey, Jr., Charles F. Barnwell, Rosalind A. Rubens, Troutman, Sanders, Lockerman & Ashmore, Norman L. Underwood, Gene V. Coker, Michael V. Coleman,* for appellees.

[2] The city was not responsible for the improper assessment. See *Fulton County v. Strickland,* 251 Ga. 473 (306 SE2d 299) (1983).