### A94A0886. ZINSER v. TORMENTA, S.A.
(446 SE2d 249)

Judge Harold R. Banke.

We granted the appellant's application for interlocutory appeal to determine whether the trial court erred in granting the appellee's motion to intervene in an action brought by the appellant against her ex-husband, Lawrence Gandolfi, and his employer, Eagles Nest Homes, Inc. In her suit, the appellant sought damages and a permanent injunction of Gandolfi's assignment to the appellee of receivables Eagles Nest owed Gandolfi.

In granting the injunction, the trial court found that under OCGA § 19-5-7, the appellant has a valid lien in all of the personal property that Gandolfi acquired and owned up to the date the Gandolfis' divorce was final, including money owed by Eagles Nest to Gandolfi; that the appellant's lien interest is primary and superior to all receivables of Gandolfi from Eagles Nest and any conveyance, assignment or sale from Gandolfi to the appellee; that the conveyances made by Gandolfi during the pendency of the divorce proceeding violated the appellant's valid lien under both OCGA §§ 19-5-7 and 18-2-1; that the conveyances were fraudulent, having been made for the express purpose of attempting to keep the appellant from recovering and satisfying the divorce decree; and that said conveyances were null and void. The court then enjoined Eagles Nest from paying any monies to the appellee under the assignments from Gandolfi until the appellant is fully paid all the money she is owed by Gandolfi.

After entry of the permanent injunction, the appellee filed a motion to intervene in the action, claiming an interest in a promissory note in the amount of $1,250,000 from Eagles Nest to Gandolfi, which Gandolfi assigned to the appellee. With no acknowledgment of its previous order declaring the assignments null and void, the trial court granted the motion to intervene, finding that intervention was necessary to enable the appellee to protect its interest in property which was the subject matter of the action. This appeal followed.

1. The appellant contends the court erred in granting the motion to intervene because the motion was untimely and the appellee had no interest to protect in the action since the trial court declared the subject contract assignments to be null and void.

"Upon timely application anyone shall be permitted to intervene in an action . . . [w]hen the applicant claims an interest relating to the property or transaction which is the subject matter of the action

and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." OCGA § 9-11-24 (a) (2). "Intervention after judgment is not usually permitted, and to justify it requires a strong showing. [Cit.] The decisions whether intervention is timely and the showing sufficient are matters within the sound discretion of the trial court and will not be controlled absent an abuse of discretion. [Cits.]" *Doe v. Garcia*, 177 Ga. App. 61, 62 (338 SE2d 710) (1985). "[I]f the one who seeks to intervene will still be left with his right to pursue his own independent remedy against the parties, regardless of the outcome of the pending case, then he has no interest that needs protecting by intervention and should not be allowed to intervene over objection." *Gregory v. Tench*, 138 Ga. App. 219, 220 (1) (225 SE2d 753) (1976).

The appellee has made no showing why it should be allowed to intervene to address matters already concluded by the permanent injunction. The trial court previously determined that the appellant's lien is superior to any alleged interest by the appellee and that the conveyance to the appellee is null and void. Under the court's order, the appellee can only recover from Eagle's Nest *after* the appellant's judgment is fully satisfied. Thus, intervention is not required since the appellee's interest will not be impaired by the satisfaction of the superior lien. Moreover, regardless of the outcome of the appellant's case, the appellee is still left with its right to pursue its own independent action against Gandolfi. See *Gregory v. Tench*, supra. Under these circumstances, the trial court abused its discretion by granting the appellee's motion to intervene in this action.

2. In light of our decision in Division 1, it is unnecessary to address the appellant's remaining enumerations.

*Judgment reversed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED JULY 12, 1994.

*Paul R. Koehler, Weinstock & Scavo, Michael Weinstock, John M. Bruce*, for appellant.

*Roach, Hasty & Geiger, Thomas A. Roach, Jr., Marc D. Cella, Baker & Baker, Elliott R. Baker, William E. Whitaker, Fraser & Bussart, Mark S. Fraser*, for appellee.