## A94A2825. RYNERSON v. SCHAT.
(449 SE2d 901)

JOHNSON, Judge.

James Rynerson appeals the trial court's denial of his motions to intervene, to vacate order authorizing a levy and to set aside a judicial sale of a 1982 De Lorean automobile.

The facts underlying the action in which Rynerson seeks to intervene are as follows: Erick Schat obtained a judgment against James H. Southard, Cynthia Southard and Holman International, Inc. in California, which was subsequently domesticated by consent in Georgia. A writ of fi. fa. in the principal sum of $33,000 was issued in April 1993.

James Rynerson had placed his 1982 De Lorean automobile with the Southards and Holman International for them to find a purchaser for it. Rynerson claims he asked that the car be returned on several occasions but his requests were refused. Rynerson hired counsel and a private investigator whose efforts to locate the car were unsuccessful. The attorney for judgment creditor Schat, however, apparently had

no trouble finding the vehicle and appeared along with a sheriff to seize the vehicle on July 28, 1993. Initially James Southard told them that the car had been placed on consignment with him and was not his property. Shortly thereafter, when it appeared that the sheriff was about to seize a Honda belonging to his wife, Southard told counsel and the sheriff that the De Lorean did belong to him, that the paperwork associated with a pending sale had not really been completed. The sheriff levied on the car and advertised for sale in accordance with OCGA § 9-13-140 (a). Just prior to the September 7, 1993 sale, Southard notified the court that the sale should not go forward because the sale of the car to a third party had, in fact, been consummated at the time of the levy. The sale was postponed and a hearing scheduled for November 3, 1993. Publication of a second advertisement of sale began running. Schat's counsel instructed the representative of the alleged third-party purchaser to obtain a signed affidavit, or produce some other indicia of ownership prior to the hearing. No documentation was produced and the trial court refused to stop the scheduled December 6 sale.

Despite the publication of notices of sale, Rynerson and his counsel deny any knowledge of either the levy or the pending sale. According to an affidavit filed by Rynerson's attorney, they first learned of the sale on December 15, 1993. On January 12, 1994, more than a month after the sheriff's sale, more than five-and-one-half months after the initial levy, and in a subsequent term of court, Rynerson filed his motions to intervene, to vacate order authorizing a levy and to set aside a judicial sale. The trial court denied the motions.

In asserting that the trial court erred in denying the motions, Rynerson relies on *Sta-Power Indus. v. Avant*, 134 Ga. App. 952, 958 (3) (216 SE2d 897) (1975), for the proposition that parties may intervene after judgment has been entered. This correct statement of the law ignores that post-judgment intervention "may be allowed after final judgment to preserve some right which cannot otherwise be protected." Id. at 959 (3). Recently, this court had the opportunity to reconsider the issue of post-judgment intervention. In *Zinser v. Tormenta, S.A.*, 213 Ga. App. 824, 825 (1) (446 SE2d 249) (1994), we held: "Intervention after judgment is not usually permitted, and to justify it requires a strong showing. The decisions whether intervention is timely and the showing sufficient are matters within the sound discretion of the trial court and will not be controlled absent an abuse of discretion. *If the one who seeks to intervene will still be left with his right to pursue his own independent remedy against the parties, regardless of the outcome of the pending case, then he has no interest that needs protecting by intervention and should not be allowed to intervene over objection.*" (Citations and punctuation omitted; emphasis supplied.)

Rynerson has failed to make the required showing. OCGA § 9-11-24 (a) permits intervention upon timely application. His application was not timely. The motion to set aside was filed in a subsequent term of court and failed to make a showing of a non-amendable defect on the face of the pleadings or of "fraud, accident, or mistake or the acts of an adverse party unmixed with the negligence or fault of the movant." See *Allen v. Allen,* 218 Ga. 364, 365 (1) (127 SE2d 902) (1962); *Wiley v. Wiley,* 233 Ga. 824, 826 (2) (213 SE2d 682) (1975); OCGA § 9-11-60 (d) (2), (3). Without intimating as to the viability of any of his claims, Rynerson still has independent remedies available including possible claims of conversion, wrongful levy and unjust enrichment. Therefore, we do not conclude that the trial court abused its discretion in denying the motions to intervene, to vacate order authorizing a levy and to set aside a judicial sale.

*Judgment affirmed. Beasley, P. J., and Andrews, J., concur.*

DECIDED NOVEMBER 16, 1994.

*Branch, Pike & Ganz, Barry G. Roberts,* for appellant.
*Bobbitt & Associates, Phillip L. Bobbitt, Daniel L. Camp,* for appellee.