A10A1776. THE POTTER'S PROPERTIES, LLC
v. VNS CORPORATION.
(703 SE2d 79)

MIKELL, Judge.

We granted an interlocutory appeal to The Potter's Properties, LLC, to review the order of the Superior Court of Toombs County allowing VNS Corporation, d/b/a Choo Choo Build-It Mart ("VNS"), to intervene in The Potter's Properties' suit against Vidalia Federal

---

Savings Bank to reform a deed. For the following reasons, we conclude that the trial court erred in allowing VNS to intervene.

VNS sought to intervene as a matter of right, pursuant to OCGA § 9-11-24 (a) (2). The trial court's order on intervention as a matter of right is reviewed for abuse of discretion.[1]

The record shows that The Potter's Properties is a limited liability company whose sole member is Justin Jay. The Potter's Properties owns land that was encumbered by a security deed held by Altamaha Bank. In 2007, The Potter's Properties obtained new financing from Vidalia Federal Savings Bank, using the property as collateral. Vidalia Federal paid Altamaha Bank, Altamaha Bank's security deed was cancelled, and a new deed was issued in favor of Vidalia Federal. This new security deed, however, was signed by Jay in his individual capacity rather than by Jay as the sole member of The Potter's Properties, the actual owner of the properties.

On April 29, 2009, The Potter's Properties and Vidalia Federal filed a corrective security deed with Toombs County, correcting the deed to show that Jay signed in a representative capacity. On July 22, 2009, The Potter's Properties, in a verified petition, sought equitable relief to have the deed reformed to correct what the closing attorney averred was a scrivener's error.[2] Vidalia Federal filed no objection and, according to the attorney for The Potter's Properties, "[would] stipulate" to those facts. Before the deed was reformed, however, VNS, who was not a party to the original conveyance, moved to intervene, and The Potter's Properties objected. In 2008, VNS had obtained a default judgment against Jay and The Potter's Properties. In its motion to intervene, VNS claimed a priority interest in the property that could be used to satisfy its judgment. Finding that the "priority status of [VNS's] interest [in the property] may be impacted by the reformation,"[3] the trial court permitted VNS to intervene.

OCGA § 9-11-24 (a) (2) provides that, "[u]pon timely application anyone shall be permitted to intervene in an action" when

> the applicant claims an interest relating to the property or transaction which is the subject matter of the action and he is so situated that the disposition of the action may as a

---

[1] See *Zinser v. Tormenta*, 213 Ga. App. 824, 825 (1) (446 SE2d 249) (1994).

[2] Although The Potter's Properties sought equitable relief, this Court has jurisdiction over cases where the grant or denial of equitable relief "would have been a matter of routine once the underlying issues of law were resolved." *Beauchamp v. Knight*, 261 Ga. 608, 609 (2) (409 SE2d 208) (1991). The legal issue before us is whether VNS had a right to intervene.

[3] We do not address whether VNS's argument concerning its priority status is accurate as the resolution of that issue is not relevant to our analysis.

practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

As the Supreme Court of Georgia has explained, however, strangers to lawsuits ordinarily are not allowed to intervene.[4]

There are some exceptions to the general rule [disallowing intervention by strangers], as where the intervenor sets up some right that would be directly affected by the judgment. In such a case the interest of the intervenor must be of such a direct and immediate character that he will either gain or lose by the direct effect of the judgment; and must be created by the claim in suit, or a claim to a lien upon the property, or some part thereof, which is the subject-matter of the litigation.[5]

Even so, "[i]t is the rule in this State that a party may not intervene where he has a remedy which may be asserted in a proper proceeding."[6] Thus, VNS may intervene as a matter of right only if it can show (1) that it has an interest directly relating to the property or transaction which is the subject matter of the suit, and (2) that it has no other remedy to protect that interest. To determine whether VNS has such an interest, we apply the law pertaining to the reformation of real property security deeds.

OCGA § 23-2-25 provides: "If the form of conveyance is, by accident or mistake, contrary to the intention of the parties in their contract, equity shall interfere to make it conform thereto."

A petition for reformation of a written contract will lie where by mistake of the scrivener and by oversight of the parties, the writing does not embody or fully express the real contract of the parties. The cause of the defect is immaterial so long as the mistake is common to both parties to the transaction. And the negligence of the complaining

---

[4] *Sampson v. Vann*, 203 Ga. 612, 616 (48 SE2d 293) (1948).

[5] (Citation and punctuation omitted.) Id. at 617.

[6] (Citations omitted.) *Todd v. Conner*, 220 Ga. 173, 179 (2) (137 SE2d 614) (1964). See also *Gregory v. Tench*, 138 Ga. App. 219, 220 (1) (a) (225 SE2d 753) (1976) ("[I]f the one who seeks to intervene will still be left with his right to pursue his own independent remedy against the parties, regardless of the outcome of the pending case, then he has no interest that needs protecting by intervention and should not be allowed to intervene over objection").

party will not defeat his right to reformation if the other party has not been prejudiced.[7]

Additionally, equity will intervene and allow such a reformation even if a foreclosure has already occurred and even if the reformation alters the priority of lienholders.[8]

Applying this law, VNS cannot prevent the reformation of The Potter's Properties' deed simply because the reformation might, as it argues, alter the priority of a lien or an interest VNS may have in the property as a judgment creditor. Therefore, VNS has no direct interest or right relating to the property or transaction which is the subject matter of the action. Nor is VNS so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest. VNS does not, by virtue of the reformation, lose its rights as a judgment creditor. Thus, VNS may pursue its independent remedies and may proceed to collect on its judgment from the assets of both Jay and The Potter's Properties. For these reasons, the trial court abused its discretion in allowing VNS to intervene as a matter of right pursuant to OCGA § 9-11-24 (a) (2).

*Judgment reversed. Andrews, P. J., and Doyle, J., concur.*

DECIDED OCTOBER 27, 2010.

*Tommy J. Smith*, for appellant.
*Howard C. Kaufold, Jr.*, for appellee.

---

[7] (Punctuation and footnotes omitted.) *Curry v. Curry*, 267 Ga. 66, 67 (1) (473 SE2d 760) (1996).

[8] See, e.g., *DeGolyer v. Green Tree Servicing*, 291 Ga. App. 444, 447 (1) (662 SE2d 141) (2008) ("the reformation of the security deed relates back to the date of the execution, and therefore [the appellee's] security interest has priority over any interest that may have been obtained afterward") (citations omitted); *Aames Funding Corp. v. Henderson*, 275 Ga. App. 323, 326 (620 SE2d 503) (2005) ("foreclosure does not bar equitable reformation of the security deed at issue. . . . After such correction of the deed, the lien of the mortgage on the omitted property will be superior in dignity to that of a judgment obtained after the mortgage was originally executed and before its reformation") (punctuation and footnote omitted).