**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RICKMAN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be**
*physically received* **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 20, 2019**

# In the Court of Appeals of Georgia

A18A2036. HENRY COUNTY SCHOOL DISTRICT v. HOME
    DEPOT U. S. A., INC. et al.

RICKMAN, Judge.

Approximately two months after the superior court granted summary judgment to Home Depot U. S. A., Inc., holding that certain of its inventory was exempt from ad valorem taxes in 2015, Henry County School District by and through the Henry County Board of Education ("HCSD") moved to intervene under OCGA § 9-11-24 (a) and (b). The trial court denied HCSD's motion, finding, in part, that it was untimely. On appeal, HCSD contends, inter alia, that the trial court erred by denying its motion to intervene. For the following reasons, we affirm.

The facts underlying the action in which HCSD seeks to intervene are as follows: Home Depot filed a property tax return for 2015. The Henry County Board

of Assessors ("the Board") issued an ad valorem tax assessment notice for certain inventory owned by Home Depot. Thereafter, Home Depot submitted an application for a freeport exemption for the inventory pursuant to a Henry County local ordinance.[1] The Board denied the application, and Home Depot appealed to the Henry County Board of Equalization, which affirmed the decision of the Board. Home Depot then appealed to the superior court.

In the superior court, both Home Depot and the tax assessor filed cross-motions for summary judgment. Following a hearing, the superior court denied the tax assessor's motion and granted Home Depot's motion, holding that "[t]he [i]nventory in [d]ispute satisfies all of the requirements of the Henry County Freeport Exemption and is thus exempt from property tax." The tax assessor did not appeal from this final judgment.

---

[1] The local ordinance provided that, "the governing authority of Henry County . . . shall have the authority to provide for the exemption from all ad valorem taxation by such governing authority of tangible personal property transported into the territorial jurisdiction of such governing authority from outside the state in transit to a final destination outside the state. . . ."

Approximately two months after the superior court granted summary judgment to Home Depot and after both the appeal period had run[2] and the term of court ended,[3] HCSD moved to intervene under OCGA § 9-11-24 (a) and (b). Following a hearing, the superior court denied HCSD's motion finding, inter alia, that HCSD's motion was untimely because HCSD brought "its motion after final judgment and after the period permitted for appeal" and that there was "no right at stake which could not have been protected by [the tax assessor] prior to final judgment. . . . . On appeal, HCSD contends, inter alia, that the trial court erred by denying its motion to intervene.

HCSD claimed a right to intervene under OCGA § 9-11-24 (a) or, alternatively, requested permissive intervention under OCGA § 9-11-24 (b). Both OCGA § 9-11-24 (a) and (b) require a timely application. See OCGA § 9-11-24 (a) ("Upon timely application anyone shall be permitted to intervene in an action . . ."); OCGA § 9-11-24 (b) ("Upon timely application anyone may be permitted to intervene in an action . . ."). We review a trial court's denial of both intervention of right and permissive intervention for an abuse of discretion. See *Baker v. Lankford*, 306 Ga. App. 327, 329

___

[2] See OCGA § 5-6-38 (a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of . . . .").

[3] See OCGA § 15-6-3 (18) (the terms of court begin in Henry County on the "[f]ourth Monday in January, April, and October and second Monday in July.").

(1) (702 SE2d 666) (2010) ("We review a trial court's decision under OCGA § 9-11-24(a) for an abuse of discretion."); *Sloan v. Southern Floridabanc Federal Sav. & Loan Association*, 197 Ga. App. 601, 603 (2) (398 SE2d 720) (1990) ("Whether permissive intervention is granted is addressed to the sound discretion of the trial judge, and a decision on this issue will not be reversed unless there is an abuse of discretion.").

"Intervention after judgment is not usually permitted, and to justify it requires a strong showing. The decisions whether intervention is timely and the showing sufficient are matters within the sound discretion of the trial court and will not be controlled absent an abuse of discretion." (Citation and punctuation omitted.) *Zinser v. Tormenta, S .A.*, 213 Ga. App. 824 (1) (446 SE2d 249) (1994). "[P]ost-judgment intervention may be allowed after final judgment to preserve some right which cannot otherwise be protected." (Citation and punctuation omitted.) *Rynerson v. Schat*, 215 Ga. App. 250, 251 (449 SE2d 901) (1994).

Georgia law imposes certain duties upon the tax assessor. See OCGA § 48-5-299 (a) ("It shall be the duty of the county board of tax assessors to investigate diligently and to inquire into the property owned in the county for the purpose of ascertaining what real and personal property is subject to taxation in the county and

4

to require the proper return of the property for taxation."). Additionally, only taxpayers or the tax assessor may appeal decisions of the board of equalization to the superior court. See OCGA § 48-5-311 (g) (1).

HCSD filed its motion to intervene after the judgment, after the appeal period had run, and in a subsequent term of court. Accordingly, HCSD was required to show that intervention was necessary to protect a right that could not otherwise be protected. However, HCSD has failed to show how it had an interest that was not protected by the tax assessor. It was the duty of the tax assessor to protect the interests of every recipient of taxes collected, including HCSD, and pursuant to OCGA § 48-5-311 (g) (1), the tax assessor was the appropriate party to appeal the decision of the board of equalization to the superior court. Under the facts and circumstances of this case, we find that the trial court did not abuse its discretion in finding that HCSD's motion was untimely and that it failed to make the required showing to justify intervention after final judgment.[4] See *Rynerson*, 215 Ga. App. at 251 (affirming the trial court's denial of appellant's motion to intervene where his

---

[4] We are only affirming the superior court's denial of HCSD's motion to intervene on the ground that it was untimely, which is dispositive of this appeal, thus, it is unnecessary to review any alternate grounds for denying HCSD's motion listed in the superior court's order.

application was filed in subsequent term of court and was untimely); *Greer v. Federal Land Bank of Columbia*, 158 Ga. App. 60, 61 (279 SE2d 308) (1981) (finding no error in the trial court's denial of appellant's motion to intervene because it was untimely).

*Judgment affirmed. McFadden, P. J., and Markle, J., concur.*