**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**MCMILLIAN and GOSS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 3, 2019**

# In the Court of Appeals of Georgia

A19A0686. O'BRIEN et al. v. BUILDERS INSURANCE.

MCFADDEN, Presiding Judge.

This appeal challenges a trial court order granting a motion to intervene in the underlying action. Because the movant has an independent remedy to protect its interests, it should not have been allowed to intervene over the appellants' objections. So we reverse.

1. *Facts and procedural posture.*

On August 8, 2014, Robert O'Brien and others filed a complaint against Duerk Construction, Inc., and James Duerk (collectively "the Duerk defendants"), seeking to recover damages for alleged defective construction of property on Sea Island, Georgia. The complaint included claims for breach of contracts, breach of warranties, and negligent construction. The Duerk defendants filed an answer and a third party

complaint naming various subcontractors who had performed work on the property as third-party defendants.

On July 14, 2017, nearly three years after the complaint had been filed, Builders Insurance, the insurer for the Duerk defendants, filed a motion to intervene. In the motion, Builders sought to participate in discovery and propose a special verdict form in order to determine whether it is obligated to provide insurance coverage for the damages claimed against the Duerk defendants. After a hearing, the trial court, without explaining the basis for its ruling, summarily granted the motion and allowed Builders to intervene for the purposes of participating in discovery and proposing a special verdict form. The trial court certified its order for immediate review, this court granted the application for interlocutory review filed by O'Brien and others, and this appeal followed.

2. *Intervention.*

"[S]trangers to lawsuits ordinarily are not allowed to intervene. [But t]here are some exception to the general rule disallowing intervention by strangers." *Potter's Properties v. VNS Corp.*, 306 Ga. App. 621, 623 (703 SE2d 79) (2010) (citations and punctuation omitted). Accord *Todd v. Conner*, 220 Ga. 173, 179 (2) (137 SE2d 614) (1964); *Gregory v. Tench*, 138 Ga. App. 219, 220 (1) (a) (225 SE2d 753) (1976).

2

> We have defined intervention as the procedure by which a third person, not originally a party to a suit, but claiming an interest in the subject matter, comes into the case, in order to protect his right or interpose his claim. A true intervenor takes the case as he finds it and cannot expand the litigation; he or she merely stakes a claim to a share in the result of the pending litigation.

*AC Corp. v. Myree*, 221 Ga. App. 513, 515 (1) (471 SE2d 922) (1996) (citations and punctuation omitted). See also *Underclofer v. Seaboard A. L. R. Co.*, 222 Ga. 822, 829 (7) (152 SE2d 878) (1966) (fundamental rule is that an intervenor takes the case as he finds it and cannot inject new issues). "Intervention does not occur until the court enters an order permitting it. One who is allowed by a court order to intervene acquires the status of a party and may file any pleading in the case that the original parties could have filed." *Andrews v. Ford Motor Co.*, 310 Ga. App. 449, 454 (3) (713 SE2d 474) (2011) (citations and punctuation omitted) (physical precedent).

In this case, Builders sought to intervene pursuant to OCGA §§ 9-11-24 (a) (2) and (b) (2), which provide grounds for intervention of right and permissive intervention upon a timely application. But "[e]ven so, it is the rule in this [s]tate that a party may not intervene where he has a remedy which may be asserted in a proper proceeding." *Potter's Properties*, supra (citations and punctuation omitted). "[I]f the one who seeks to intervene will still be left with his right to pursue his own

3

independent remedy against the parties, regardless of the outcome of the pending case, then he has no interest that needs protecting by intervention and should not be allowed to intervene over objection" *Gregory*, supra.

Here, O'Brien and others objected to intervention by Builders, asserting, among other things, that the motion was untimely, that intervention would improperly expand the scope of the litigation from one involving issues of liability to one involving issues of insurance coverage, and that Builders has the independent remedy of a declaratory judgment action to determine those issues of insurance coverage. Builders acknowledges that it could bring a declaratory judgment action to determine coverage after the underlying action is completed. Indeed, it is well-settled that a declaratory judgment action is a proper proceeding for determining issues of insurance coverage. See *Atlanta Cas. Co. v. Fountain*, 262 Ga. 16, 17-18 (413 SE2d 450) (1992) (when a claim for insurance has been made, and a legitimate question exists as to the propriety of denying coverage, the insurance company may file a declaratory judgment action); *Barclay v. Stephenson*, 337 Ga. App. 365, 371 (3) (a) (787 SE2d 322) (2016) (accord); *Marchant v. Travelers Indem. Co.*, 286 Ga. App. 370, 371 (650 SE2d 316) (2007) (insurance company brought declaratory judgment

action against named insured who had been sued in a separate lawsuit for defective construction).

"We review a trial court's decision under either portion of the statute[, OCGA § 9-11-24 (a) & (b),] for an abuse of discretion." *Stephens v. McGarrity*, 290 Ga. App. 755, 758 (1) (660 SE2d 770) (2008) (citations omitted). After "the outcome of the [underlying] case, [Builders] is still left with its right to pursue its own independent [declaratory judgment] action against [the Duerk defendants in order to determine insurance coverage]. Under these circumstances, the trial court abused its discretion by granting the appellee's motion to intervene in this action." *Zinser v. Tormenta*, 213 Ga. App. 824, 825 (1) (446 SE2d 249) (1994) (citation omitted). See also *Sirmans v. Board of Trustees &c.*, 295 Ga. App. 378, 381 (2) (672 SE2d 423) (2008) (movant had no interest that required protection by intervention where independent claims could still be pursued); *Rynerson v. Schat*, 215 Ga. App. 250, 252 (449 SE2d 901) (1994) (intervention denied where motion was untimely and movant still had independent remedies available); *Sloan v. Southern Floridabanc Fed. S & L Assn.*, 197 Ga. App. 601, 603 (2) (398 SE2d 720) (1990) (intervention denied where movant could pursue independent remedy in another court). Accordingly, the

5

order granting the motion to intervene must be reversed.

*Judgment reversed. McMillian and Goss, JJ., concur.*