**FOURTH DIVISION**
**MERCIER, C. J.,**
**DILLARD, P. J., and LAND, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 10, 2025**

# In the Court of Appeals of Georgia

A25A0445. ATLANTA RESTAURANT PARTNERS, LLC. v. CLAYTON COUNTY et al.

MERCIER, Chief Judge.

Atlanta Restaurant Partners, LLC ("Taxpayer") filed an action pursuant to OCGA § 48-5-380 for a refund of ad valorem taxes paid to Clayton County ("the County") and The City of College Park ("the City").[1] The Clayton County School District ("the School District") filed a motion to intervene. The trial court granted the School District's motion to intervene and, later, its motion for partial dismissal of the Taxpayer's claims. Following the entry of final judgment, the Taxpayer filed this appeal of the orders granting the School District's motions. Because the trial court

---

[1] Taxpayer filed the action against Clayton County, Clayton County Board of Commissioners, the City of College Park, the College Park Mayor and City Council.

erred in granting the School District's motion to intervene and motion for partial dismissal, we reverse and remand.

The complaint alleges that, in 2013, the Taxpayer entered into a contract with the City of Atlanta to provide retail food and beverage concessions at Hartsfield-Jackson Atlanta International Airport ("the Airport"). The City and the County assessed and collected from the Taypayer real property ad valorem taxes relating to the Airport concession agreement for the years 2014 and 2015.

In 2019, the Taxpayer filed the underlying OCGA § 48-5-380 action seeking to recover $296,913.13 from the County and $48,213.03 from the City, along with interest and attorney fees, arguing that the County and City illegally taxed the Taxpayer's nontaxable airport usufruct.

Pursuant to OCGA § 48-5-380,

[E]ach county and municipality shall refund to taxpayers any and all taxes and license fees:

(1) Which are determined to have been erroneously or illegally assessed and collected from the taxpayers under the laws of this state or under the resolutions or ordinances of any county or municipality; or

(2) Which are determined to have been voluntarily or involuntarily overpaid by the taxpayers.

OCGA § 48-5-380 (a). "Any refunds approved or allowed under this Code section shall be paid from funds of the county, the municipality, the county board of education, the state, or any other entity to which the taxes or license fees were originally paid." OCGA § 48-5-380 (d).

In 2020, the School District filed a motion to intervene in the underlying action, arguing that it had a right to intervene because a portion of the taxes collected by the County from the Taxpayer "became property of" the School District. The School District argued that it "ha[d] a right to intervene due to the fact that more than half of the money sought by [the Taxpayer] against [the County] is the property of, and has already been remitted to [the School District]." The School District also alleged that it was protected from the action by sovereign immunity. Sometime later, the trial court granted the motion to intervene and sent the signed order to the Taxpayer but failed to file the order in the record.[2]

---

[2] Of note, "it shall be the duty of the judge to file his or her decision with the clerk of the court in which the cases are pending and to notify the attorney or attorneys of the losing party of his or her decision[.]" OCGA § 15-6-21 (c).

The City issued a tax refund to the Taxpayer in the amount of $59,604.51, and the City and the Taxpayer submitted a proposed consent order to the trial court dismissing the City from the action. While the trial court signed the order, it again failed to file the order in the record.

Thereafter, the School District filed a motion for partial dismissal, arguing that the Taxpayer's OCGA § 48-5-380 action, into which it had intervened as a defendant, failed to state a claim against it and the action was barred by the School District's sovereign immunity. The trial court agreed and granted the motion, dismissing the Taxpayer's claim for a refund of taxes the County had remitted to the School District.

Following the dismissal order, and prior to court-ordered mediation, the County refunded the remaining tax amounts at issue to the Taxpayer. The trial court signed, and filed, the order of final judgment, and this appeal followed.

1. In two separate enumerated errors, the Taxpayer contends that the trial court erred by allowing the School District to intervene. The School District moved to intervene as a matter of right under OCGA § 9-11-24 (a).

OCGA § 9-11-24 (a) provides pertinently that:

Upon timely application anyone shall be permitted to intervene in an action . . . [w]hen the applicant claims an interest relating to the property

4

or transaction which is the subject matter of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

This "requires a three-fold showing of (1) interest, (2) potential impairment, and (3) inadequate representation." *DeKalb County v. Post Properties*, 245 Ga. 214, 219 (2) (263 SE2d 905) (1980); accord *Buckler v. DeKalb County*, 290 Ga. App. 190, 193 (2) (659 SE2d 398) (2008). We review a trial court's grant or denial of a motion for intervention as a matter of right for an abuse of discretion. *Henry County School District v. Home Depot U. S. A,* 348 Ga. App. 723, 724 (824 SE2d 622) (2019).

It is well settled that leased retail space at the Airport to operate food concessions are "not estates in real property, but instead [are] usufructs that [are] not subject to ad valorem real estate taxes." *Hojeij Branded Foods, LLC v. Clayton County*, 355 Ga. App. 222, 223 (843 SE2d 902) (2020); see also *Clayton County Bd. of Tax Assessors v. Aldeasa Atlanta Joint Venture*, 304 Ga. 15, 16-17 (1) (815 SE2d 870) (2018). The County and the City assessed and collected ad valorem taxes from the Taxpayer regarding the Taxpayer's food and beverage concessions at the Airport. The retail spaces were usufructs and not subject to ad valorem real estate taxes. See *Hojeij*

*Branded Foods*, 355 Ga. App. at 223; *Clayton County Bd. of Tax Assessors*, 304 Ga. at 16-17 (1). Therefore, the City and County's assessed taxes were illegally collected from the Taxpayer and must be returned pursuant to OCGA § 48-5-380 (a). The City returned the illegally assessed taxes to the Taxpayer, as did the County, with the sole exception of the portion of taxes the County remitted to the School District. OCGA § 48-5-380 requires that *any and all* illegally assessed and collected taxes be refunded and shall be paid "*from funds of the county*, the municipality, *the county board of education*, the state, or any other entity to which the taxes or license fees were originally paid." OCGA § 48-5-380 (a), (d) (emphasis supplied). Because the Taxpayer's taxes were illegally collected, OCGA § 48-5-380 (a) requires the taxes to be refunded to the Taxpayer, regardless if the taxes were remitted to the School District. OCGA § 48-5-380 (d). The Legislature did not carve out an exception for illegally collected taxes that a county remits to a board of education. See OCGA § 48-5-380 (a)-(d).

Because the taxes must be returned to the Taxpayer pursuant to OCGA § 48-5-380, the School District does not have an interest in the property at issue.[3] While the

_____

[3] Moreover, even if the School District could claim an interest in the illegally assessed taxes, the School District "has failed to show how it had an interest that was

School District may have an interest in the amount of money it received from the County for its budget, it has no interest in the Taxpayer's illegally assessed taxes. Because the School District had no interest in the property at issue, the trial court abused its discretion by allowing the School District to intervene. See *Potter's Properties v. VNS Corp.*, 306 Ga. App. 621, 624 (703 SE2d 79) (2010) (trial court abused its discretion by granting the motion to intervene as intervenor had "no direct interest or right relating to the property . . . which is the subject matter of the action"); see also *Atlanta Bd. of Educ. v. City of Atlanta*, 262 Ga. 15, 16 (2) (413 SE2d 716) (1992) ("[T]he disputed taxes are not the school board's lawful funds. Rather, they are taxpayers' funds that were collected erroneously and must be returned to the taxpayer."). Accordingly, we reverse the trial court's grant of the School District's motion to intervene.

2. The Taxpayer also contends that the trial court erred by granting the School District's motion for partial dismissal. Given our holding in Division 1, we agree,

---

not protected by the tax assessor. It was the duty of the tax assessor to protect the interests of every recipient of taxes collected, including" the School District. *Henry County School District,* 348 Ga. App. at 725.

reverse the trial court's grant of the School District's motion for partial dismissal, and remand for further proceedings consistent with this opinion.

*Judgment reversed and remanded. Dillard, P. J., and Land, J., concur.*