S06A1790. BANKERS TRUST COMPANY v. HARDY.
(640 SE2d 18)

SEARS, Chief Justice.

Appellant, Bankers Trust Company, foreclosed on certain property owned by Rita Hardy and her son, appellee Joseph Hardy, as joint tenants. Bankers Trust's loan had been issued in Rita Hardy's name and was secured against her interest in the property. Joseph Hardy, who was a minor at the time, was not a party to the loan. After a judicial partition and sale, Bankers Trust brought a claim for a portion of Joseph Hardy's interest in the property under the doctrine of equitable subrogation. Bankers Trust appeals from the Fulton County Superior Court's order denying that claim. Because Bankers Trust is not entitled to the proceeds from the sale of Joseph Hardy's interest in the property, we affirm.

The parties stipulated to the facts of this case. When Joseph Hardy, Sr., died intestate in 1992, the property at issue passed to his wife, Rita Hardy, and minor son, Joseph Hardy, as joint tenants, subject to the claims of the creditors of the estate. The mortgage holder, First Union National Bank, initiated foreclosure proceedings on the property after the mortgage payments fell into arrears. Rita Hardy was able to avoid foreclosure, however, by obtaining a new loan from Express Funding, Inc., to refinance the property. The new loan made no mention of Joseph Hardy's interest in the property. In compliance with the terms of the loan, Rita Hardy used the funds to satisfy First Union's existing lien and executed a security deed in favor of Express Funding. The Express Funding loan was ultimately assigned to Bankers Trust.

After Rita Hardy defaulted on the loan, Bankers Trust foreclosed on the property and obtained a judicial partition and sale. The court awarded the proceeds from the sale of Rita Hardy's interest in the property to Bankers Trust. Bankers Trust then brought a claim for an equitable accounting, seeking a portion of the proceeds from the sale of Joseph Hardy's interest in the property under the doctrine of equitable subrogation. Bankers Trust claims that it is entitled to the proceeds from the sale of Joseph Hardy's interest in the property because Joseph Hardy benefitted from Bankers Trust's loan, which was used to satisfy the prior lien on the property.

> Subrogation is the substitution of another person in the place of the creditor, so that the person in whose favor it is exercised succeeds to all the rights of the creditor. It is of equitable origin, being founded upon the dictates of refined justice, and its basis is the doing of complete, essential, and perfect justice between the parties, and its object is the prevention of injustice.[1]

Essentially, Bankers Trust seeks to be placed in the position occupied by the prior lienholder, First Union, whose foreclosure on the property was avoided by the issuance of Bankers Trust's loan. As a creditor of the estate of Joseph Hardy, Sr., First Union's security deed would have entitled it to the proceeds of both Rita Hardy's as well as Joseph Hardy's interests, up to the amount of the debt.

---

[1] *Southern R. Co. v. Overnite Transp. Co.*, 223 Ga. 825 (158 SE2d 387) (1967) quoting *Cornelia Bank v. First Nat. Bank of Quitman*, 170 Ga. 747 (154 SE 234) (1930); see also OCGA § 10-7-56 ("[a] surety who has paid the debt of his principal shall be subrogated, both at law and in equity, to all the rights of the creditor and, in a controversy with other creditors, shall rank in dignity the same as the creditor whose claim he paid.").

In *Davis v. Johnson,* this Court described the doctrine of equitable subrogation as follows:

Where one advances money to pay off an encumbrance on realty either at the instance of the owner of the property or the holder of the encumbrance, either upon the express understanding or under circumstances under which an understanding will be implied that the advance made is to be secured by the senior lien on the property, in the event the new security is for any reason not a first lien on the property, the holder of the security, *if not chargeable with culpable or inexcusable neglect,* will be subrogated to the rights of the prior encumbrancer under the security held by him, *unless the superior or equal equity of others would be prejudiced thereby*; knowledge of the existence of an intervening encumbrance will not alone prevent the person advancing the money to pay off the senior encumbrance from claiming the right of subrogation where the exercise of such right will not in any substantial way prejudice the rights of the intervening encumbrancer.[2]

Under this definition, Bankers Trust's claim fails for two reasons. First, Bankers Trust *is* "chargeable with culpable or inexcusable neglect," because it should have accounted for Joseph Hardy's interest in the property. Express Funding (and, by extension, Bankers Trust) had every opportunity to protect its interests by including Joseph Hardy in the loan transaction through the consent of a legal guardian, but negligently failed to do so.[3] Second, Joseph Hardy's "superior equity . . . would be prejudiced" by application of the doctrine. Hardy had no representation in the loan transaction, but Bankers Trust now seeks to deprive Joseph Hardy of his interest in the property by essentially holding him liable under the contract entered between Express Funding and Hardy's mother.

Bankers Trust argues that this case is controlled by *Wilkins, Neely & Jones v. Gibson.*[4] In *Wilkins,* a lender refinanced a loan to pay off an existing mortgage, but the property was encumbered by an intervening second mortgage prior to the satisfaction of the existing mortgage.[5] The doctrine of subrogation was applied in that case to

---

[2] 241 Ga. 436, 438 (246 SE2d 297) (1978) (emphasis supplied).

[3] See *Bank of Danielsville v. Seagraves,* 167 Ga. App. 135, 141-143 (305 SE2d 790) (1983) (plaintiff could not prevail under the theory of equitable subrogation because it failed to avail itself of the proper legal remedy when it had the chance).

[4] 113 Ga. 31 (38 SE 374) (1901).

[5] Id. at 33-35.

prevent the unjust enrichment of the intervening lienholder, not to prejudice that lienholder's legitimate interests.[6] This Court plainly stated that subrogation will not apply to protect the subrogating lender if doing so would prejudice the legitimate interests of the other lienholder.[7]

The mere fact that Joseph Hardy benefitted from the loan transaction is insufficient to justify the remedy sought by Bankers Trust.

> The doctrine of subrogation is not applied for the mere stranger or volunteer who has paid the debt of another, without any assignment or agreement for subrogation, being under no legal obligation to make the payment, and not being compelled to do so for the preservation of any rights or property of his own.[8]

Bankers Trust was a mere volunteer with respect to Joseph Hardy's interest because it failed to obtain his legal consent to the transaction.[9]

Bankers Trust knowingly acquired a secured debt for the property at issue even though the party to whom the loan had been issued was only a joint tenant and the other joint tenant had not been included in the loan transaction. Bankers Trust cannot use the doctrine of equitable subrogation to acquire Joseph Hardy's interest in the property as a remedy for its own mistake.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 8, 2007 —
RECONSIDERATION DENIED FEBRUARY 5, 2007.

*Perrie, Bone & Burr, C. Terry Blanton*, for appellant.
*Barry L. Zimmerman*, for appellee.

---

[6] Id. at 49.

[7] Id. ("It is undoubtedly true that if, on account of the gross negligence of the lender, the rights of intervening lien holders are prejudiced . . . the lender will not be entitled to subrogation.").

[8] Id. at 42; see also *Mortgage Guar. Co. of America v. Atlanta Commercial Bank*, 166 Ga. 412 (143 SE 562) (1928) quoting *Wilkins*, 131 Ga. at 47 ("subrogation will arise only in those cases [1] where the party claiming it advanced the money to pay a debt which, in the event of default by the debtor, he would be bound to pay, or [2] where he had some interest to protect, or [3] where he advanced money under an agreement, express or implied, made either with the debtor or creditor, that he would be subrogated to the rights and remedies of the creditor.").

[9] See also *Federal Land Bank of Columbia v. Barron*, 173 Ga. 242, 246 (160 SE 228) (1931) (denying claim for equitable subrogation).