**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 21, 2014**

# In the Court of Appeals of Georgia

A13A1628. KIM v. FIRST INTERCONTINENTAL BANK.

MCFADDEN, Judge.

This case involves the priority of competing interests in a parcel of property. First Intercontinental Bank brought this action for equitable subrogation and reformation of its security deed, which contained an incorrect legal description of the encumbered property. Chan K. Kim appeals the grant of summary judgment to First Intercontinental. Kim argues that First Intercontinental is not entitled to equitable subrogation because it was guilty of culpable neglect, and to allow equitable subrogation would prejudice Kim's interest. Alternatively, Kim argues that the trial court should limit the amount to which First Intercontinental is equitably subrogated. Finally, he argues that First Intercontinental is not entitled to reformation because Kim was not a party to the security deed containing the mistake. We conclude that

because Kim will not be prejudiced -- his position of priority is unchanged -- First Intercontinental was entitled to a reformation of its deed and equitable subrogation but only to the extent it paid off a prior encumbrance. We therefore vacate and remand.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). We review a grant or denial of summary judgment de novo and construe the evidence in the light most favorable to the nonmovant." *Secured Equity Financial v. Washington Mut. Bank*, 293 Ga. App. 50 (666 SE2d 554) (2008) (citation omitted).

Viewed in this light, the evidence shows that on December 22, 1999, Yong Ho Han, a defendant below, purchased the property at issue, a shopping center in Augusta. He granted a security deed in the property for $80,800 to SunTrust Bank Augusta, N. A., which is not a party to this case. He refinanced his debt with SunTrust twice, eventually granting SunTrust security deeds for $486,000 and $90,900. Those security deeds were recorded.

In January 2006, Han conveyed to Kim by warranty deed an undivided one-half interest in the property. The warranty deed was not recorded until November 26, 2008, however. The same day in January 2006, that Han conveyed the interest to

2

Kim, both men conveyed their interests in the property by warranty deed to H&K Deans Bridge Properties, LLC, also a non-party. That warranty deed, too, was not recorded until November 26, 2008. Given that the SunTrust security deeds were recorded and within the chain of title, Kim and H&K had notice of SunTrust's interest in the property.

After the January 2006 Han-to-Kim and Han-and-Kim-to H&K conveyances but before the recording of those warranty deeds, in August 2006, Han refinanced his debt for $620,000, this time with appellant First Intercontinental, granting a security deed in the entire parcel. The security deed was recorded but it contained an incorrect legal description of the property, describing an adjoining piece of property that Han did not own.

First Intercontinental paid off Han's debt to SunTrust. At the time, First Intercontinental had no actual notice of Kim's and H&K's interests in the property, since their warranty deeds had not yet been recorded.

As noted, in November 2008, the warranty deeds from Han to Kim and Han and Kim to H&K were recorded. Two months later, in January 2009, H&K reconveyed the property to Han and Kim by recorded warranty deed.

3

First Intercontinental filed this action against Han and Kim, seeking a reformation of its security deed to correct the legal description of the property. First Intercontinental also sought equitable subrogation of its security deed, claiming first priority lien position because of its payment of the SunTrust security deeds. The trial court granted First Intercontinental's motion for summary judgment, and Kim filed this appeal.[1]

1. *Equitable subrogation.*

Kim argues that the trial court erred in holding that First Intercontinental was entitled to equitable subrogation because First Intercontinental was guilty of culpable or inexcusable neglect and to allow equitable subrogation would prejudice Kim's interests. We disagree.

"Essentially, [the equitable subrogation] doctrine provides that where it was the intent of the parties to substitute a new creditor's rights for the rights of the creditor that is being paid off, the new creditor steps into the shoes of the old creditor in terms of priority." *Chase Manhattan Mortg. Corp. v. Shelton*, 290 Ga. 544, 549 (4) (722

[1]We initially transferred the case to our Supreme Court on the basis of its jurisdiction over "[c]ases involving title to land," Ga. Const. 1983, Art. VI, Sec. VI, Par. III (1), and "[a]ll equity cases." Id. at Par. III (2). That court returned it to us, finding that it "does not have jurisdiction over cases involving either reformation of a deed or equitable subrogation." (Citations omitted.)

4

SE2d 743) (2012). In *Davis v. Johnson*, 241 Ga. 436, 438 (246 SE2d 297) (1978) (citations and punctuation omitted), our Supreme Court set out the complete rule:

> Where one advances money to pay off an encumbrance on realty either at the instance of the owner of the property or the holder of the encumbrance, either upon the express understanding or under circumstances under which an understanding will be implied that the advance made is to be secured by the senior lien on the property, in the event the new security is for any reason not a first lien on the property, the holder of the security, if not chargeable with culpable or inexcusable neglect, will be subrogated to the rights of the prior encumbrancer under the security held by him, unless the superior or equal equity of others would be prejudiced thereby. . . .

Id. Here, it is undisputed that First Intercontinental advanced money to pay off SunTrust's encumbrances on the property with the understanding that the loan would be secured by a senior lien on the property.

Kim argues that First Intercontinental is guilty of culpable or inexcusable neglect, defeating its right of equitable subrogation, because it had actual knowledge of Kim's interest in the property but advanced the funds anyway. His argument is based on the faulty premise that First Intercontinental had actual knowledge because Kim's "tenants have been in exclusive, open notorious, and continuous possession" of the property. As First Intercontinental points out, the property was a commercial

5

shopping center, and for all First Intercontinental knew, the tenants were Han's -- the party with whom First Intercontinental dealt and an undisputed owner of the property.

Kim also argues that First Intercontinental is not entitled to equitable subrogation because it would prejudice Kim's interest in the property. This is not true. Equitable subrogation simply allows First Intercontinental to "step[] into the shoes of the old creditor[, SunTrust], in terms of priority." *Chase Manhattan Mortg. Corp.*, 290 Ga. at 549 (4). Kim never had first priority; his interest was subordinate to SunTrust's, which he knew or should have known, given that SunTrust's security deeds were recorded. See *Baxter v. Bayview Loan Servicing*, 301 Ga. App. 577, 585 (1) (b) (688 SE2d 363) (2009) ("A purchaser of real property is not only charged with notice of every fact shown by the records in the chain of title, but is also presumed to know every other fact which the title examination suggested.") (citations and punctuation omitted). And now, his interest is subordinate to First Intercontinental. "We cannot say that [First Intercontinental's] exercise of the right of subrogation would prejudice [Kim's] rights where, as here, he remains second in order of priority, after the amount secured by the [SunTrust] [l]oan[s]." *Baxter*, 301 Ga. App. at 588 (1) (c) (citations and punctuation omitted).

Kim cites *Bankers Trust Co. v. Hardy*, 281 Ga. 561 (640 SE2d 18) (2007), in support of his argument that allowing equitable subrogation prejudices his interest, but that case is inapposite. In that case, our Supreme Court held that, "subrogation will not apply to protect the subrogating lender if doing so would prejudice the legitimate interests of the other lienholder." Id. at 564. But there, the lender "knowingly acquired a secured debt for the property at issue even though the party to whom the loan had been issued was only a joint tenant and the other joint tenant had not been included in the loan transaction." Id. Here, on the other hand, Kim knew or should have known of the encumbrance on the property at the time he purchased his interest because SunTrust's security deeds were of record. He was never first in priority.

(b) *Amount.*

The trial court found that First Intercontinental was entitled to a decree of equitable subrogation and accordingly ordered that "Kim's interest is subject to and encumbered by [First Intercontinental's] security deed." But First Intercontinental is entitled to subrogation only to the extent the loan proceeds extended to Han were used to satisfy the SunTrust deeds to secure debt. *Baxter*, 301 Ga. App. at 586-587 (1) (c). The executive vice president of First Intercontinental testified in his affidavit

7

that the amount it paid to satisfy the SunTrust security deeds as part of Han's refinance was $403,610.82. Accordingly, we vacate the judgment and remand the case so that the trial court may specify the amount to which First Intercontinental is subrogated.

2. *Reformation of the deed*.

Kim argues that the trial court was not authorized to reform the deed to correct the legal description of the property because the mistake was not mutual, because there is no privity between Kim and First Intercontinental, and because First Intercontinental is estopped by its actual notice of Kim's interest in the property. We disagree.

Under Georgia law, "[i]f the form of conveyance is, by accident or mistake, contrary to the intention of the parties in their contract, equity shall interfere to make it conform thereto." OCGA § 23-2-25. The statute applies when the form of conveyance is a security deed. See *DeGolyer v. Green Tree Servicing*, 291 Ga. App. 444, 447 (662 SE2d 141) (2008). "Equity will grant relief as between the original parties or their privies in law, in fact, or in estate, except bona fide purchasers for value without notice." OCGA § 23-2-34. Similarly, when a party acquires title after the questionable conveyance and that party is an innocent purchaser without notice

8

of such mistake, a deed may not be reformed. See *Cox v. Zucker*, 214 Ga. 44, 51 (2) (102 SE2d 580) (1958).

(a) *Mutual mistake.*

Kim argues that because he was not a party to the flawed instrument, the mistake was not mutual and the instrument cannot be reformed. But the statute contemplates reforming an instrument when the mistake is "contrary to the intention of the parties in their contract." OCGA § 23-2-25. "A mutual mistake in an action for reformation means one in which both parties had agreed on the terms of the contract, but by mistake of the scrivener the true terms of the agreement were not set forth." *First Natl. Bank v. Carr*, 260 Ga. App. 439, 440 (1) (579 SE2d 863) (2003) (citations and punctuation omitted). In other words, it is the parties to the original instrument that must be mutually mistaken for reformation to occur. And here, First Intercontinental presented uncontroverted evidence that the mistake was mutual as to it and Han.

(b) *Privity.*

Similarly, Kim argues that because there is no privity between Kim and First Intercontinental, the deed may not be reformed. But there is privity between Kim and Han, a party to the deed sought to be reformed. Such privity "rests upon some actual

9

mutual or successive relationship to the same right of property." *Phillips v. Phillips*, 211 Ga. 305, 309 (1) (85 SE2d 427) (1955). Kim's successive relationship to Han's right of property means that equity may grant relief as between Kim and First Intercontinental. OCGA § 23-2-34.

(c) *Notice*.

Finally, Kim argues that the security deed may not be reformed because the bank had actual notice of his interest in the property. But as detailed above, the fact that tenants occupied the commercial shopping center did not put First Intercontinental on notice of Kim's interest.

For these reasons, we vacate and remand the judgment for further proceedings not inconsistent with this opinion.

*Judgment vacated and case remanded. Doyle, P. J., and Boggs, J., concur.*