**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J., and BOGGS, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 23, 2016**

# In the Court of Appeals of Georgia

A15A1782. KIM v. FIRST INTERCONTINENTAL BANK.

PHIPPS, Presiding Judge.

Chan K. Kim appeals from the trial court's final judgment awarding First Intercontinental Bank ("FIB" or "the bank") a security interest in certain real property. For reasons that follow, we affirm.

This case is before us for a second time.[1] The facts, as fully outlined in *Kim I*, show that Yong Ho Han purchased a shopping center in Augusta, Georgia on December 22, 1999. Pursuant to the purchase and subsequent refinancing

---

[1] See *Kim v. First Intercontinental Bank*, 326 Ga. App. 424 (756 SE2d 655) (2014) (*Kim I*).

transactions, Han granted SunTrust Bank Augusta, N. A., security deeds on the property for $486,000 and $90,900. SunTrust properly recorded these security deeds.[2]

In January 2006, Han conveyed to Kim by warranty deed an undivided one-half interest in the property. That same day, both men conveyed their interest by warranty deed to H&K Deans Bridge Properties, LLC. When these conveyances occurred, the SunTrust security deeds were within the chain of title, giving all parties notice of SunTrust's interest. Neither Kim nor H&K recorded their warranty deeds at the time of conveyance.[3]

In August 2006, Han refinanced his debt, this time with FIB. He granted the bank a security deed on the entire parcel in exchange for $620,000. FIB recorded its security deed, although the deed included an incorrect description of the property. The bank also paid off Han's debt to SunTrust. At that point, FIB had no notice of the prior conveyances to Kim and H&K because their warranty deeds had not been recorded. Over two years later, on November 26, 2008, Kim and H&K finally

---

[2] Id. at 424-425.

[3] Id. at 425.

recorded their 2006 warranty deeds. In January 2009, H&K conveyed the property

back to Han and Kim via warranty deed.[4]

FIB sued Han and Kim, seeking reformation of its security deed to correct the

legal description of the property, as well as a declaration that, pursuant to equitable

subrogation, it held a first priority lien position to the extent its funds were used to

pay off Han's SunTrust debt. Han did not answer suit, and the trial court granted FIB

default judgment as to him. The trial court also awarded FIB summary judgment on

the claims against Kim. It reformed the security deed, noting that "Kim's interest in

the Subject Property is subject to and encumbered by [the reformed] Security Deed

. . . said deed being filed before the recordation of any interest in the Subject Property

into Defendant Kim." It also concluded that FIB was entitled to a decree of equitable

subrogation. The trial court thus ordered: "For this additional reason, . . . Defendant

Kim's interest is subject to and encumbered by [FIB's] Security Deed."

Kim appealed the trial court's order. On appeal, we rejected Kim's challenge

to the reformation ruling.[5] We also upheld the trial court's conclusion that equitable

---

[4] Id.

[5] Id. at 427-428 (2).

3

subrogration applies here.[6] But we found that the trial court failed to properly calculate the subrogation amount, explaining that FIB "is entitled to subrogation only to the extent the loan proceeds extended to Han were used to satisfy the SunTrust deeds to secure debt."[7] We thus vacated the trial court's judgment and remanded "so that the trial court may specify the amount to which [FIB] is subrogated."[8]

On remand, the trial court determined that FIB is equitably subrogated to a first-priority lien in the amount of $403,610.82, the sum FIB paid to satisfy the SunTrust security deeds. It further found that Kim's interest in the entire property is encumbered by FIB's reformed security deed, which apparently secures an amount that exceeds the subrogated interest. Kim appeals this new ruling, asserting that, under *Kim I*, FIB's security interest does not extend beyond $403,610.82. He argues that "the entire Property should be released from the FIB security deed upon payment of the amount to which FIB is equitably subrogated."

We disagree. In *Kim I*, we not only addressed the equitable subrogation issue, we approved the trial court's ruling on FIB's reformation claim. And that ruling

[6] Id. at 425-427 (1) (a).

[7] Id. at 427 (1) (b).

[8] Id.

4

included a determination that Kim's interest is subject – or subordinate – to a reformed security deed. In addition to the first-priority lien FIB equitably obtained by paying off the SunTrust debts, therefore, FIB holds a recorded security deed that encumbers the entire property. Although the property description in the original security deed was incorrect, the deed has now been reformed to include the correct description.[9] The reformed deed relates back to August 2006, when the parties executed and recorded the original security deed, and takes priority over subsequently filed interests, including Kim's warranty deeds filed in 2008 and after the January 2009 reconveyance.[10]

FIB's interest in the reformed security deed is not limited by the amount to which it is subrogated. On the contrary, the reformed deed and subrogated first-priority lien represent different interests – one based upon a deed to secure debt and

---

[9] Id. at 427-428 (2).

[10] See *Bayview Loan Servicing v. Baxter*, 312 Ga. App. 826, 829 (720 SE2d 292) (2011) ("It is well established that a lien takes effect, as against the interests of third persons without notice, from the time it is filed for record in the clerk's office.") (punctuation and footnote omitted); *Potter's Properties v. VNS Corp.*, 306 Ga. App. 621, 624 (703 SE2d 79) (2010) (equity will permit reformation of security deed even if reformation alters lienholder priority); *DeGolyer v. Green Tree Servicing*, 291 Ga. App. 444, 447 (1) (662 SE2d 141) (2008) (reformation of security deed relates back to date of security deed's execution).

5

another arising in equity.[11] Accordingly, we find no merit in Kim's claim that FIB is secured only in the amount to which it is equitably subrogated.

*Judgment affirmed. Doyle, C. J., and Boggs, J., concur*.

---

[11] See *Kim I*, supra at 426 (1) (a) (equitable subrogation is a remedy arising in equity that allows FIB "to step into the shoes of the old creditor, SunTrust, in terms of priority") (citation and punctuation omitted).