**FIRST DIVISION
BARNES, P. J.,
MCMILLIAN and MERCIER, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**January 10, 2018**

# In the Court of Appeals of Georgia

A17A1587. BLACK et al. v. NATIONSTAR MORTGAGE LLC. et al.

BARNES, Presiding Judge.

The trial court granted appellees', Nationstar Mortgage LLC and Federal Home Loan Mortgage Corporation, motion for summary judgment on their complaint for declaratory judgment and equitable reformation, in which they had sought to reverse a foreclosure, void the related deed under power and special warranty deed, and reinstate the modified security deed to a first priority position. The appellants, Lee Angel Black, formerly known as, Lee Angel White, and Stacy M. Black appeal from that order. Following our review, and discerning no reversible error, we affirm the trial court's judgment.

On May 23, 2007, the appellants obtained a loan from Advanced Financial Services, Inc. ("Advanced") in the amount of $171,000. On the same date, they executed and delivered a security deed conveying certain property to Mortgage

Electronic Registration Systems, Inc. ("MERS") as nominee for Advanced to secure repayment of the loan. The subject property is commonly known as 3284 Price Mill Road, Bishop, Georgia 30621. The property consists of two parcels: Parcel 04A/3284 ("Parcel l"), valued at $187,230, and Parcel 04B ("Parcel II"), valued at $12,000. Parcel 1 is a four-acre lot with a house, and Parcel II is an adjacent, undeveloped one-acre lot.

The security deed was recorded on July 2, 2007, and referenced that the property conveyed was 3284 Price Mill Road, but the legal description of the property attached to the deed only referenced Parcel II, the undeveloped one-acre lot. In December of 2012, MERS, assigned the security deed to Nationstar. Appellants and Nationstar executed a modification of the security deed to include both Parcel I and Parcel II in the legal description, which was filed with the clerk of superior court on May 15, 2013. The modification, in pertinent part, provided, that "the legal description of the real property attached an incorporated in the Security Deed at the time of its execution. . . does not describe the entire Five Acre Tract as intended by the [appellants]." And that:

> by executing and delivering to [Nationstar] this Modification, [appellants] wish to establish, state, clarify, and restate their intention to

2

grant and convey the Five Acre Tract to [Nationstar] as security for the Loan and to provide that the Five Acre Tract is encumbered by, made part of, and incorporated into the Security Deed for all purposes set forth therein, as fully as if the description of the Five Acre Tract were attached to the Security Deed as and when the Security Deed was executed by [appellants], delivered to [MERS], and recorded in the . . . real property records.

Appellants subsequently defaulted on the loan, and after they failed to cure the default payments on the loan, Nationstar conducted a non-judicial foreclosure sale of the subject property on November 5, 2013, and purchased the property for $100,000. However, the foreclosure notice described only Parcel II of the property. On November 5, 2013, Nationstar, as attorney-in-fact of appellants, prepared, executed, and delivered a "Deed Under Power" to Nationstar. The Deed Under Power specifically cross-indexed to the security deed and was recorded on December 5, 2013. Nationstar also prepared a "Special Warranty Deed" The legal description of the subject property set forth in both the Deed Under Power and the Special Warranty Deed referred only to Parcel II rather than the entirety of the property. Neither Nationstar nor Federal Home reported the sale within thirty days of

3

the foreclosure sale to the superior court for confirmation and approval pursuant to OCGA § 44-14-161 (a).[1]

Thereafter, on September 4, 2015, the appellees filed a Complaint For Declaratory Judgment and Equitable Reformation seeking to (1) reverse the foreclosure, (2) void the Deed Under Power and Special Warranty Deed, and (3) reinstate the modified security deed to the first priority position that it occupied before the foreclosure.

Following cross motions for summary judgment, the trial court entered an order granting appellees' motion and denying appellants' motion, finding that:

---

[1]  When any real estate is sold on foreclosure, without legal process, and under powers contained in security deeds, mortgages, or other lien contracts and at the sale the real estate does not bring the amount of the debt secured by the deed, mortgage, or contract, no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings shall, within 30 days after the sale, report the sale to the judge of the superior court of the county in which the land is located for confirmation and approval and shall obtain an order of confirmation and approval thereon.

OCGA § 44-14-161 (a).

4

[appellees] intended to take a security interest in the entirety of the property comprised of both Parcel I and Parcel II. Indeed, after discovering the mistaken legal description in the original Security Deed, Plaintiff Nationstar and both Defendants executed the Modification to amend the description to include both Parcels, as intended by the parties. Only after foreclosure did [appellees] realize that the mistaken property description had carried over to the Deed Under Power and the Special Warranty Deed. The evidence conclusively establishes a mutual mistake relievable in equity.... OCGA § 23-2-21 (a). The evidence further shows that omission of Parcel II from the description in the Deed Under Power and the Special Warranty Deed was contrary to the parties' intention.

The trial court further found that appellants had not demonstrated that they would be prejudiced by the reformation of the security deed, and that the reformation related back to date of the security's deed execution and thus the deed was reinstated to first priority lien position.

Summary judgment is proper if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." OCGA § 9-11-56 (c). On appeal from the grant of summary judgment, we "conduct a de novo review, construing all reasonable inferences in the light most favorable to the nonmoving party." *Bank of North Ga. v. Windermere Dev.*, 316 Ga. App. 33, 34 (728 SE2d 714) (2012).

5

Appellants contend on appeal that the appellees were not entitled to equitable reformation and thus the trial court erred in its grant of summary judgment. We do not agree.

> Equity may intervene and reform a conveyance when the instrument fails to express accurately the intention of the parties. A petition for reformation of a written contract will lie where by mistake of the scrivener and by oversight of the parties, the writing does not embody or fully express the real contract of the parties. The cause of the defect is immaterial so long as the mistake is common to both parties to the transaction. And the negligence of the complaining party will not defeat his right to reformation if the other party has not been prejudiced.

(Footnotes and punctuation omitted.) *Curry v. Curry*, 267 Ga. 66, 67 (1) (473 SE2d 760) (1996).

(a) In two related enumerations of appeal, appellants contend that reformation was not proper because the appellees had actual and/or constructive notice of the defects in the title instruments, and could have discovered the defects in the title instruments by reasonable due diligence. Appellants assert that it is presumed that the purchaser of property has examined every deed and instrument affecting the title, and is charged with notice of the facts shown in the records. They maintain that appellees had actual or constructive notice of the defects in the title instruments and the

6

foreclosure sale notice because they "*unilaterally* prepared, executed, and/or delivered" the documents. Thus, any errors in the legal descriptions were either an intentional act or unilateral mistake on the behalf of the appellees.

OCGA § 23-2-25 provides that "[i]f the form of conveyance is, by accident or mistake, contrary to the intention of the parties in their contract, equity shall interfere to make it conform thereto." See *Bank of America v. Cuneo*, 332 Ga. App, 73, 79 (2) (770 SE2d 48) (2015) ("The issue is whether the parties mutually intended for the [b]ank to lend money and for the loan to be secured by the property[.]" ); *Cheatham v. Palmer*, 191 Ga. 617, 625 (a) (13 SE2d 674) (1941) ("In every proper case under this head of the law, the only inquiry is, does the instrument contain what the parties intended it should and understood that it did? Is it their agreement? If not, then it may be reformed by aliunde proof, so as to make it the evidence of what was the true bargain between the parties."). However, "[a] distinction exists between reforming a contract and executing a contract in case of mistake. To authorize the former, the court shall be satisfied by the evidence that the mistake was mutual; but the court may refuse to act in the latter case if the mistake is confined to the party refusing to execute." OCGA § 23-2-30. To that end, "[t]he power to relieve mistakes shall be

exercised with caution; to justify it, the evidence shall be clear, unequivocal, and decisive as to the mistake." OCGA § 23-2-21(c).

Pretermitting whether, as the appellants contend, the appellees had notice of the mistake in the title instrument, we conclude that the evidence demonstrates that the parties had earlier attempted to modify the security deed to include both parcels in the legal description attached to the security deed and, per the stated purpose of the modification, to "establish, state, clarify, and restate [the appellants] intention to grant and convey" both parcels as security for the loan. OCGA § 23-2-25 allows a court of equity to reform a conveyance, if the conveyance is, by accident or mistake, "contrary to the intention of the parties in their contract." In this case, it is clear that the parties intended that both parcels be conveyed in the security deed, and although the mistaken property description later carried over to the deed under power and the special warranty deed, this does not contravene the original intent evinced by the attempted joint modification that both parcels be enucumbered by the security deed.

Moreover, contrary to the appellants' contention that the mistake was unilateral, the evidence demonstrates that the parties were mutually mistaken that the security deed included both parcels of land.

A mutual mistake in an action for reformation means one in which both parties had agreed on the terms of the contract, but by mistake . . . the true terms of the agreement were not set forth. In other words, it is the parties to the original instrument that must be mutually mistaken for reformation to occur. And here, [the appellants] presented uncontroverted evidence that the mistake was mutual as to [them] and [the appellees].

(Citation and punctuation omitted.) *Kim v. First Intercontinental Bank*, 326 Ga. App. 424, 428 (2) (a) (756 SE2d 655) (2014).

As demonstrated by the evidence, the parties intended that both parcels be encumbered by the security deed, and attempted to correct the mistake by way of the modification, and "the negligence of the party complaining will not defeat his right to reformation, if the other party has not been prejudiced thereby." *Aames Funding Corp. v. Henderson*, 275 Ga. App. 323, 324 (620 SE2d 503) (2005). The appellants do not demonstrate how they would be prejudiced by the reformation, which would only act to place the parties in the same position they occupied before the foreclosure.

(b) Appellants further assert that the appellees are attempting an equitable reformation as an alternative means to obtain a deficiency judgment and circumvent the statutory reporting requirements of OCGA § 44-14-161 (a) because they did not report the sale to the superior court within 30 days. In this case, however, the

9

appellees were not seeking a deficiency judgment and "as to what appellant[s] fear[] may arise at a future date, we have no authority to render an advisory opinion." (Citations and punctuation omitted.) *Daniels v. Price Communications Wireless*, 254 Ga. App. 559, 561 (1) (562 SE2d 844) (2002). Thus, this claim presents nothing for our review.

Accordingly, the trial court did not err in granting the appellees' motion for summary judgment on their complaint for declaratory judgment and equitable reformation.

*Judgment affirmed. McMillian and Mercier, JJ., concur.*