## 61777. HURST v. McDANIEL.

BIRDSONG, Judge.

Statute of frauds. One Bennett owned a tract of land in Clayton County. He went out of business and persuaded the appellant Hurst to take over the land and its indebtedness. Bennett had a first mortgage in the amount of $89,000 and a second mortgage in the amount of $50,000. The holder of the second mortgage was the appellee McDaniel. Hurst was just beginning his business enterprise in Clayton County and apparently informed Bennett that he (Hurst) could not undertake a $139,000 indebtedness without some cushion of protection. Bennett convinced Hurst that if Hurst had to default, McDaniel would look to the property alone (as apparently would the first mortgagor); thus Hurst would not be accepting any direct personal involvement in the indebtedness. At the closing, Hurst maintained by way of affidavit that Bennett again assured him that McDaniel (allegedly in McDaniel's presence) would look only to the property and not personally to Hurst if Hurst defaulted. Both the scrivener, one Burgess, as well as McDaniel denied that there was any contemporaneous agreement either before the closing or at the time of the closing or at any other time. Bennett corroborated Hurst's understanding as did an employee of Hurst (now his wife, Mrs. Hurst). The documents, including a security deed as well as the promissory note, did not make any reference to a requirement to rely solely on the collateral or excusal to pay the face amount of the note personally. Hurst admitted the authenticity of the note and the security deed. Upon default, McDaniel sued on the promissory note seeking the $50,000 as well as attorney fees. Hurst answered denying personal indebtedness and counterclaimed seeking to reform the documents based upon an alleged scrivener's mistake so that the documents would include the requirement that the creditor, McDaniel, would look only to the property for satisfaction of the indebtedness. The trial court granted summary judgment to McDaniel and dismissed Hurst's counterclaim. Hurst brings this appeal enumerating two errors. *Held:*

1. In his first enumeration of error, Hurst alleges that the trial court erred in granting summary judgment and dismissing his counterclaim for reformation of the pertinent documents because the trial court erroneously concluded that Hurst did not specify with sufficient detail the error of the scrivener. Hurst does not contend that facially his defense and counterclaim are not directly violative of the statute of frauds and ordinarily would amount to an attempt to modify an express written document by oral agreement which directly contradicts the written provisions. Hurst seeks to avoid the

consequences of the statute of frauds by showing that there was a profound mistake by the scrivener in not including the elements of the contemporaneous agreement.

Code Ann. § 81A-109 (b), in pertinent part, provides that all averments of mistake must be stated in pleadings with particularity. There can be no question that Hurst has stated in more than sufficient detail what the alleged contemporaneous agreement purported to be and who allegedly was aware of it. However, there is no particularization in his pleadings as to how the mistake occurred, whether the scrivener simply forgot it, ignored the agreement, did not believe it to be relevant to the validity of the documents, or for what other reason the scrivener failed to include the contemporaneous agreement. Opposed to the simple allegation that the scrivener made a mistake, McDaniel presented evidence by affidavit that there was no agreement such as is advocated by Hurst. The scrivener by affidavit affirmed that he was aware of no such agreement at any time, thus in effect denying that he made a mistake of omission. Whether we conclude the pleading of mistake to be lacking in particularity or whether we weigh a conclusion in the scales against positive facts refuting the conclusion, we find the decision of the trial court granting the motion for summary judgment to be correct. Mere conclusions in the pleadings or even in the affidavits of the respondent which fail to contravene any of the facts set out in the record on appeal will be insufficient to make out a jury question. *Sloan v. Hobbs Sporting Goods Shop,* 145 Ga. App. 255 (243 SE2d 673). We find no merit in this enumeration.

2. In his second enumeration of error, Hurst complains that the trial court erred in concluding that Hurst was at fault in not examining or reading the documents before he signed them. It is an old and reliable rule of law in this state that a party to a contract who can read, must read, in the absence of a good legal excuse not to have done so. See *Jossey v. Georgia S. &c. R. Co.,* 109 Ga. 439, 446 (34 SE 664); *Branan v. Warfield & Lee,* 3 Ga. App. 586, 589 (60 SE 325). Hurst asserts that he relied on Bennett as an old and trusted business associate not to mislead him. Yet the note and security deed in this case was with McDaniel, one whom the record shows Hurst hardly knew at all. Moreover, Hurst did not show that as to Bennett there existed a confidential relationship or an agency or other fiduciary relationship. Hurst could not rely on representations by one who for all apparent purposes was a stranger to the arrangements culminated between Hurst and McDaniel.

Lastly, Hurst argues that there was a mistake by the scrivener that amounts to a mutual mistake. He thus sought to reform the documents to eliminate that mistake. Code Ann. § 37-208 in

substance provides that to reform a contract based upon a mistake the mistake must be mutual. Though Hurst presented evidence that the scrivener must have made a mistake, he has not presented the clear, unequivocal and decisive evidence in support of his contention that the law requires. *Prince v. Friedman,* 202 Ga. 136 (42 SE2d 434). Appellant has shown no evidence of a mutual mistake or even that the scrivener made either a knowing or inadvertent mistake. We are thus faced with the legal principle that once the agreement was reduced to writing, all negotiations antecedent thereto merge in the writing and the written agreement is thereafter binding on the parties even if the writing did not express the contract actually made. *Cox v. Smith,* 244 Ga. 280 (260 SE2d 310); *Whiteside v. Douglas County Bank,* 145 Ga. App. 775 (245 SE2d 2). We find no error in the trial court's dismissal of the cross complaint.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 10, 1981 —
REHEARING DENIED SEPTEMBER 25, 1981.

*K. Van Banke,* for appellant.
*C. Crandle Bray,* for appellee.