## S02A1200. ZAIMIS v. SHARIS.
### (570 SE2d 313)

BENHAM, Justice.

In 1994, Nikalaos Zaimis leased commercial premises from Anita Sharis. The first paragraph of the lease provided for a five-year term and an annual rent of $5,720, payable in equal weekly installments ($110). Paragraph 21 of the lease provided for an option to renew with the same terms "except that the monthly rent shall be the sum of $135.00." Zaimis noticed the discrepancy two years into the lease, but said nothing. When the first lease term expired, Zaimis took the position that the lease called for a monthly rent of $135, not the weekly rent in that amount that Sharis claimed was due. Sharis sought reformation of the lease and the trial court, after a bench trial, granted that relief. Holding that the conflict between paragraphs 1 and 21 authorized the taking of parol evidence to ascertain the intent of the parties, the trial court heard evidence and found as a fact that the parties intended the rent to be $135 per week in the second term of the lease and that the failure to change the preprinted lease form to substitute "weekly" for "monthly" was a scrivener's error. Having ascertained the intent of the parties, the trial court reformed the contract to provide for weekly rent of $135 and entered judgment for Sharis for the arrearage. This appeal is from that judgment.

1. Zaimis contends the trial court erred in reforming the contract because a merger clause in the lease precluded the consideration of parol evidence and because the mistake was Sharis's alone. Neither of those arguments is persuasive.

"Equity will not reform a written contract unless the mistake is shown to be the mistake of both parties. . . ." OCGA § 23-2-31. "The doctrine of merger is applicable where there is no evidence of mutual mistake . . . but it should not be used to bar consideration of probative evidence offered to show an alleged mutual mistake in [a] reformation case. [Cits.]" *Rasmussen v. Martin*, 236 Ga. 267, 269 (223 SE2d 663) (1976). The trial court did consider parol evidence in the form of the testimony of the parties to the lease. Sharis testified that the intent of the parties was that the rent would increase from $110 per week in the first term of the lease to $135 per week in the second term, and that the failure to notice that the preprinted form provided for monthly rent in the renewal clause was inadvertent. Although Zaimis initially denied having an intent to pay increased rent in the second term of the lease, his admissions on cross-examination supported the trial court's finding that both parties intended for the rent to increase in the second term. The intent of the parties and their mutual mistake in having failed to notice the discrepancy between that intent and the written document having been established by the evidence, the fact that the discrepancy resulted from Sharis's error as scrivener does not preclude reformation of the lease:

> Equity may intervene and reform a conveyance when the instrument fails to express accurately the intention of the parties. [Cit.] " 'A petition for reformation of a written contract will lie where by mistake of the scrivener and by oversight of the parties, the writing does not embody or fully express the real contract of the parties.' " [Cit.] The cause of the defect is immaterial so long as the mistake is common to both parties to the transaction. [Cit.] And the negligence of the complaining party will not defeat his right to reformation if the other party has not been prejudiced. [Cit.]

*Curry v. Curry*, 267 Ga. 66 (1) (473 SE2d 760) (1996). Zaimis having shown no prejudice to him in being required to pay the rent in the amount intended by the parties upon the execution of the lease, there was no impediment to the trial court's reformation of the lease on account of the scrivener's error.

2. Zaimis contends that Sharis was not entitled to the aid of equity in reforming the lease because she came to the court with unclean hands. That assertion is based on Sharis's alleged bad faith in failing to repair the roof of the leased premises. Although the evidence at trial showed that the numerous attempts made by Sharis to have the roof repaired had been ineffective, prompting the trial court to order Sharis to replace the roof, since the evidence did not demand a finding that Sharis had failed to do equity and was barred under

the unclean hands doctrine, there was no abuse of discretion in granting Sharis equitable relief. *Bloodworth v. Bloodworth*, 225 Ga. 379, 392 (6) (169 SE2d 150) (1969).

3. The trial court excluded from evidence as irrelevant testimony and exhibits relating to Zaimis's dealings with Sharis's husband regarding an equipment lease to which Sharis was not a party. Zaimis enumerates that ruling as error.

"Even though the admission of questionable evidence is favored, ' "the admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion." (Cit.)' [Cit.]" *Piggly Wiggly Southern v. Snowden*, 219 Ga. App. 148, 150 (3) (464 SE2d 220) (1995). The evidence established that the premises lease involved in this suit was between Sharis and Zaimis, and the equipment lease was between Zaimis and Sharis's husband. Although Sharis's husband often acted as her agent in dealing with Zaimis, he was not a party to the premises lease and his conduct regarding the equipment lease was not relevant to the premises lease. Because that distinction was clear from the documents in the record, we find no abuse of discretion in the trial court's ruling on relevancy.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 30, 2002.

*Mark P. Groves, John D. Thalhimer*, for appellant.

*Cauthorn & Nohr, Thomas E. Cauthorn, Melissa M. Nohr*, for appellee.