**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY , JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 26, 2014**

# In the Court of Appeals of Georgia

A14A0696. VIBERT et al. v. BANK OF AMERICA, N. A.

McFADDEN, Judge.

This appeal is from a trial court order granting summary judgment to a bank on its claim seeking reformation of a security deed to correct the mistaken omission of a signatory on the deed. The trial court correctly found that there is no genuine issue of material fact: the omission of the signature contravened the parties' intention and was the result of a mutual mistake. That finding is correct - notwithstanding the evidence that the bank was negligent. We therefore affirm.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. We review a grant or denial of summary judgment de novo and construe the evidence in the light most favorable

to the nonmovant." *Secured Equity Financial v. Washington Mut. Bank*, 293 Ga. App. 50 (666 SE2d 554) (2008) (citations omitted).

So viewed, the evidence shows that in 1993, Stephen and Sylinda Vibert purchased property located at 536 Mulberry Circle in Jasper, Georgia. They refinanced their loan on the property several times, including the underlying refinancing in 2007 with Countrywide Bank, FSB. On October 11, 2007, a bank representative came to their house for the purpose of executing the refinancing documents. Although the parties intended for both of the Viberts to sign the security deed encumbering both of their interests in the property, only Stephen Vibert signed the security deed. Sylinda Vibert told the bank representative that she should sign the refinancing documents, but he said that her signature was not necessary.

Countrywide later filed the complaint seeking, among other things, declaratory judgment to reform the deed. Its successor in interest, Bank of America, N. A., moved for partial summary judgment as to reformation of the security deed. The trial court granted the motion, ordering that the security deed be "reformed to reflect that Ms. Vibert is a signatory to the deed and has conveyed her interest in the [p]roperty." The Viberts appeal.

"Under Georgia law, if the form of conveyance is, by accident or mistake, contrary to the intention of the parties in their contract, equity shall interfere to make it conform thereto. OCGA § 23-2-25. Th[is] statute applies when the form of conveyance is a security deed. [Cit.]" *Kim v. First Intercontinental Bank*, ___ Ga. App. ___ (2) (Case No. A13A1628, decided March 21, 2014) (punctuation omitted). Moreover,

> Equity may intervene and reform a conveyance when the instrument fails to express accurately the intention of the parties. A petition for reformation of a written contract will lie where by mistake of the scrivener and by oversight of the parties, the writing does not embody or fully express the real contract of the parties. The cause of the defect is immaterial so long as the mistake is common to both parties to the transaction. And the negligence of the complaining party will not defeat his right to reformation if the other party has not been prejudiced.

*Zaimis v. Sharis*, 275 Ga. 532, 533 (1) (570 SE2d 313) (2002) (citations omitted).

In this case, it is undisputed that the parties' intention was for Sylinda Vibert to be bound by the security deed, encumbering her interest in the property to the bank as part of the refinancing transaction. At her deposition, when asked about the security deed, Sylinda Vibert confirmed that it was the intent of herself, her husband and the bank that her "interest in the property was also supposed to be encumbered" by the security deed, that she knew there was paperwork she needed to sign, and "that

3

we intended to have all the paperwork filled out and signed on both sides." Stephen Vibert also deposed that he and his wife recognized that she was supposed to sign the security deed.

Although the parties clearly intended for Sylinda Vibert to sign the security deed, the appellants contend that the deed should not be reformed to make it conform to this intention because the bank representative who came to their home to close the refinancing negligently told them that she did not need to sign. However, as noted above, "the negligence of the complaining party will not defeat his right to reformation if the other party has not been prejudiced." *Zaimis*, supra (citation omitted). See also *The Potter's Props. v. VNS Corp.*, 306 Ga. App. 621, 623-624 (703 SE2d 79) (2010). Here, the Viberts "have not suffered any prejudice as they received a loan for [$116,725] as promised, and used part of that loan to satisfy [an] earlier loan from [another lender] relating to that property. Nor have [the Viberts] shown that they will suffer any prejudice if the deed is reformed." *DeGolyer v. Green Tree Servicing*, 291 Ga. App. 444, 447 (1) (662 SE2d 141) (2008). Accordingly, the trial court did not err in granting summary judgment to the bank as to its claim for reformation to include the mistakenly omitted signature on the security deed. See *Lane v. Spriggs*, 71 SW3d 286, 291 (III) (Tenn. App. 2001) (citing 76 C. J. S.

4

Reformation of Instruments § 36 (1994) for proposition that other jurisdictions have recognized that where both parties to a deed have agreed that the instrument is to be executed, the lack of a party's signature can be supplied by a reformation of the document). See also *Smith v. Royal Automotive Group*, 675 So. 2d 144, 153-54 (Fla. Dist. Ct. App. 1996) ("Given that equity regards as done that which ought to be done, there is no compelling reason why a court may not reform a written instrument to reflect the intentions of the parties, including a party's omitted signature.")

*Judgment affirmed. Andrews, P. J., and Ray, J., concur.*