In the Supreme Court of Georgia

Decided:   September 12, 2016

S16A1005.  GENS, ADMR. v. WHITE et al.

THOMPSON, Chief Justice.

April Gens purchased 4.3 acres of land adjacent to Lake Lanier in Forsyth County.  She divided the property into a number of residential lots, including Lot 7 – the subject of this quiet title case.  She also created "access strips" which provided lake access for each lot.

To secure a loan she obtained from the Lumpkin County Bank ("Bank"), Gens gave the Bank a security deed covering all of the land in 1999.  Two years later, Gens gave another security deed to the Bank for Lots 0, 7 and 8.  That deed mistakenly described the property in dispute as only "part of Lot 7."[1]

Gens defaulted on her bank loans and filed for bankruptcy protection under Chapter 13 in 2003.  In short order, the Chapter 13 proceeding was converted to Chapter 7.  Gens surrendered all her interest in all the properties,

[1] This "part" consists of approximately 150 square feet.

and listed only another property (her residence) and a vehicle as "property to be retained" under her bankruptcy plan. Finding that Gens "had no equity in Lots 0, 7, and 8," the bankruptcy court lifted the automatic stay to permit the Bank to foreclose.

The Bank exercised its right of foreclosure and sold part of Lot 7 to White's predecessors in title. White later purchased the property, built a house on it, and paid all property taxes as they became due. Six years and a number of months after White purchased the property and began to make improvements on it, Gens filed this quiet title action, asserting she was the legal owner of Lot 7 because the deed to White only conveyed a "part of Lot 7."

Shortly after filing suit, April Gens died, and Nicholle Gens, the administrator of Gens's estate, was substituted in her stead. The trial court appointed a special master to hear the case. In the meantime, White filed a counterclaim seeking reformation of the deeds in the chain of title to White's property, alleging the deeds described the property erroneously due to accident, mistake or fraud.

The case was referred to a special master who found that Gens was equitably estopped from claiming title to Lot 7 (with the exception of an access

2

strip), and that White was entitled to the disputed property. On cross-motions for summary judgment, the trial court adopted the findings and nearly all of the conclusions of the special master. Relying on Mitchell v. Mitchell, 274 Ga. 633, 634 (1) (555 SE2d 436) (2001), the trial court agreed with the special master that Gens was equitably estopped from pursuing any claim to the property. The trial court added, however, that Gens was also estopped from claiming title to the access strip. Summing up, the trial court declared that Gens has no ownership interest in Lot 7, and it quieted title in favor of White.

Gens takes issue with the trial court's reliance on Mitchell, arguing that that case is inapposite. We agree.

In Mitchell, a father wanted to divide his land equally among his five children. He drew a diagram of the property and deeded a five acre parcel to each child. Later, the father showed his son Richard the parcel of land upon which he wanted Richard to build a house. Richard built a house on that property with the help of his father and some or all of his siblings. No one ever told Richard he was building the house on the wrong property. After the father died, the siblings filed suit against Richard. At trial, the siblings proved that Richard built his house on the wrong lot. Nevertheless, a jury gave Richard the

3

lot upon which he built the house.  On appeal, this Court affirmed, pointing out that the parties were not equally blameless because, among other things, the siblings helped Richard build the house and made no complaint about its location until their father died.  Given all the circumstances, we concluded that "the trial court, in the exercise of its inherent equity power, see generally Hague v. Pitts, 262 Ga. 777 (425 SE2d 636) (1993), chose the most equitable solution to this conflict."  Mitchell, 274 Ga. at 634.

In this case, unlike the plaintiffs in Mitchell, Gens took no action to lead White to believe he was entitled to the disputed property.  Thus, she must be viewed as being entirely blameless, and cannot be estopped from asserting title to the property.  See Owen v. Miller, 209 Ga. 875, 876 (1) (76 SE2d 772) (1953).  The trial court erred in ruling otherwise.

Our decision does not put an end to his matter, however, because White's counterclaim for reformation remains pending below.  On remand, the trial court is directed to determine the merits of the reformation counterclaim.

Judgment reversed and case remanded with direction. Benham, Hunstein, Melton, Nahmias, JJ., Judge David Todd Markle and Judge William G. Hamrick, III, concur. Hines, P.J., and Blackwell, J., not participating.