**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RAY and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 24, 2018**

# In the Court of Appeals of Georgia

A18A0992. WHITE et al. v. GENS.

RAY, Judge.

Nicholle Jeanette Gens, as Administrator of the Estate of April Gens, brought this quiet title action against John Keith White and others (hereinafter collectively referred to as "White") asserting a claim of ownership regarding a certain residential lot located in Forsyth County. In response to the petition, White counterclaimed for reformation of the deeds in the chain of title to the property. After the trial court found that Gens was equitably estopped from asserting an ownership interest in the property, the trial court granted summary judgment to White and quieted title in his favor. However, in *Gens v. White*, 299 Ga. 637 (791 SE2d 48) (2016), our Supreme Court reversed the judgment of the trial court, holding that Gens was not equitably estopped from asserting title to the property because she took no affirmative action

to mislead White into believing that he was entitled to the property. The Supreme Court then remanded the case with direction that the trial court address the merits of White's reformation counterclaim. Id. at 638-639. Thereafter, on the parties' cross-motions for summary judgment with regard to reformation, the trial court denied White's motion for summary judgment and granted summary judgment to Gens. This subsequent appeal ensued. For the reasons that follow, we reverse and remand with direction.

1. White contends that the trial court erred in denying his motion for summary judgment, and in granting summary judgment to Gens, on his counterclaim for reformation of the deeds in the chain of title. Specifically, he argues that the trial court erred in concluding that his failure to provide evidence as to "how or why the alleged mistake occurred" was fatal to his counterclaim for reformation. We agree.

> On appeal from the grant of summary judgment, the appellate court conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.

(Citation and punctuation omitted.) *Bank of America v. Cuneo*, 332 Ga. App. 73, 74 (770 SE2d 48) (2015). "On cross-motions for summary judgment, each party must

show there is no genuine issue of material fact and that each, respectively, is entitled to summary judgment as a matter of law; either party, to prevail by summary judgment, must bear its burden of proof. (Citations and punctuation omitted.) *Heiskell v. Roberts*, 342 Ga. App. 109, 112 (2) (a) (802 SE2d 385) (2017).

The evidence shows that April Gens obtained a loan from the Bank in 1999 which was secured by a security deed (the "1999 Security Deed") which encumbered 4.3 acres of land, including all of what was later designated as Lot 7. April Gens later obtained a second loan from the Bank in 2001 which was secured by another security deed (the "2001 Security Deed") which encumbered certain residential lots, including Lot 7, that had been divided out of the original 4.3 acre tract of land. However, the legal description for Lot 7 that was attached to the 2001 Security Deed mistakenly provided a description for only part of Lot 7, which consisted of a 150-square foot access strip used for boat-docking privileges.

April Gens later filed for bankruptcy and listed properties that were secured by the 1999 and 2001 Security Deeds as property to be surrendered to the Bank, thereby surrendering all of her ownership interest in Lot 7 to her creditor in the bankruptcy proceedings. Additionally, April Gens specifically listed *only* her vehicle and her personal residence located on another property not involved in this case as the

"property to be retained" under her bankruptcy plan. After the bankruptcy court specifically found that April Gens had no equity in Lot 7, it lifted the bankruptcy stay with regard to the property and permitted the Bank to foreclose on it.

Following the foreclosure sale, however, the Bank recorded a cancellation of the 1999 Security Deed, which had encumbered all of Lot 7, and conveyed Lot 7 to White's predecessor in title by a general warranty deed which incorporated the same erroneous legal description of Lot 7 that was mistakenly provided in the 2001 Security Deed.

Under Georgia law, "[i]f the form of conveyance is, by accident or mistake, contrary to the intention of the parties in their contract, equity shall interfere to make it conform thereto." OCGA § 23-2-25. "This statute applies when the form of conveyance is a security deed." (Citation and punctuation omitted.) *Vibert v. Bank of America, N.A.*, 327 Ga. App. 782, 783 (761 SE2d 162) (2014). "Where reformation is sought on the ground of mutual mistake, it must, of course, be proved to be the mistake of both parties." (Citation and punctuation omitted.) *Bank of America*, supra at 78 (2).

On motion for summary judgment, White presented the scriveners affidavit of John D. Feagan, the attorney who had represented the Bank during April Gens's 1999

4

and 2001 loan closings. In his affidavit, Feagan attested that he was the one who had prepared the 2001 Security Deed, that the 2001 Security Deed contained a scriveners error in the legal description of Lot 7, and that both the Bank and April Gens intended to secure the 2001 loan with all of Lot 7, not just the part of Lot 7 that was described in the 2001 Security Deed. Thus, White has satisfied his burden on summary judgment of establishing the existence and the mutuality of the mistake in the legal description of Lot 7 that was provided in the 2001 Security Deed.

Conversely, Gens presented no evidence to rebut Feagan's affidavit. In fact, Feagan's attestation as to the existence and the mutuality of the error in the 2001 Security Deed is actually supported by the deposition testimony of Nicholle Gens, who testified that April Gens believed that all of her interest in Lot 7 had been lost as a result of the bankruptcy and foreclosure proceedings. Furthermore, the mutuality of the mistake is also supported by the evidence that White's predecessor in title purchased Lot 7 from the Bank and constructed a house on it for $360,000, a sum which is only consistent with the Bank's intended conveyance of the entirety of Lot 7; it is wholly inconsistent with a conveyance of "part of Lot 7" consisting of approximately 150 square feet. White purchased Lot 7 and the house thereon from his predecessor in title for $585,000, and White and his family have been continuously

5

occupying the property for six and half years. April Gen's conduct during this time further supports the mutuality of the mistake in the 2001 Security Deed because she took no action for years to stop the sale of the land, the construction of the house, and White's occupation of the property. In sum, the undisputed evidence in the record leads to only one conclusion — that there was a mutual mistake in the legal description of Lot 7 in the 2001 Security Deed that was foreclosed on by the Bank, which created errors in the chain of title.

In denying White's motion for summary judgment, and in granting summary judgment to Gens, the trial court concluded that the lack of evidence as to how or why the mistake was made in the 2001 Security Deed was fatal to White's counterclaim for reformation. This conclusion is incorrect. In reformation cases where the mutuality of the mistake was sufficient or was undisputed by the evidence, we have consistently held that the cause of the mistake is immaterial so long as the mistake is common to both parties to the transaction and the non-complaining party will not be prejudiced by the reformation. See *Bank of America*, supra at 78-80 (2) (sufficient evidence established the mutuality of the mistake)*; DeGolyer v. Green Tree Servicing, LLC*, 291 Ga. App. 444, 447 (1) (662 SE2d 141) (2008) (affirming grant of equitable reformation of security deed when evidence undisputed that both

6

borrower and lender intended to secure loan with property). Accord *Zaimis v. Sharis*, 275 Ga. 532, 533 (1) (570 SE2d 313) (2002). Here, although Gens now contends that the mistake in the 2001 Security Deed was not mutual, she has pointed to no evidence to support her assertion. April Gens's alleged expression of a previous desire to retain Lot 7 for herself has no bearing on her subsequent decision to encumber the property in exchange for the loans from the Bank. Had she not defaulted on the loans and surrendered the property to her creditor in her bankruptcy proceedings, she might have been able to retain Lot 7. Furthermore, we fail to see how Gens could be prejudiced by the reformation of the deeds in the chain of title to the very property that she voluntarily surrendered to her creditors during the bankruptcy years ago.

As Feagin's undisputed scrivener's affidavit, along with the other undisputed evidence set forth above, establishes that there was a mutual mistake in the legal description of Lot 7 in the 2001 Security Deed and that the true intention of the parties was for the Bank to loan funds to April Gens and to take a security interest in the entirety of Lot 7, the cause of the mutual mistake is immaterial.

Thus, the trial court erred in granting summary judgment to Gens and in denying White's motion for summary judgment on White's reformation counterclaim. Therefore, we reverse the judgment of the trial court and remand the case with

7

direction that the trial court enter summary judgment in favor of White on his counterclaim for reformation of the deeds in the chain of title.

2. Based on our holding in Division 1, we need not address White's remaining arguments.

*Judgment reversed and case remanded with direction. McFadden, P. J., and Rickman, J., concur.*

8